```
===============
```
No. 07-0593
```
===============
```

IN RE  CANO PETROLEUM, INC., ET AL.
```
================================================================
```
ON REVIEW BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
```
================================================================
```

Presiding Judge PEEPLES delivered the opinion of the MDL Panel.

In March 2006 wildfire swept across 480,000 acres in the Texas Panhandle east of Amarillo, causing the death of several individuals and also destroying ranch land, barns, homes, fences, equipment, and livestock.  Eventually ninety-one individuals[1] filed seven lawsuits against four oil and gas operators[2] in four contiguous counties (Roberts, Gray, Hutchinson, and Carson).  Plaintiffs allege that the defendants' electrical lines and equipment caused an initial fire, which spread to other areas and lasted several days.[3]

Defendants have asked this panel to appoint one pretrial judge for these cases.  Pursuant to Rule 13.3(b), the four trial judges in whose courts the cases are pending, joined by the Presiding Judge of the Ninth Administrative Judicial Region in the Panhandle, have concurred in that request and asked the panel to assign the cases to one pretrial judge.  The vast majority of the plaintiffs oppose the request for an MDL pretrial judge, though one small group of plaintiffs does not oppose it.  After the matter was briefed, on September 25, 2007 the panel granted the motion and assigned a pretrial judge.  This opinion states the panel's reasons for granting the motion.

Rule 13 authorizes us "to transfer 'related' cases from different trial courts to a single

---

[1] We will refer to both the plaintiffs and the intervenors who are aligned with them as plaintiffs.

[2] The four defendants are related entities: Cano Petroleum, Inc., W. O Energy of Nevada, Inc., W. O. Operating Company, Ltd., and WO Energy, Inc.

[3] We have referred to a "wildfire" and an "initial fire" in the singular because the plaintiffs contend that Cano's negligence on one ranch caused a fire that spread to other areas.  We recognize that Cano prefers to use the plural terms "fires" and "wildfires."  Whether this litigation involves one fire or several (we express no opinion on this issue), the suits *allege* one enormous fire caused by Cano acting through one or more of the four members of its corporate family.

pretrial judge "if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *See In re Ad Valorem Tax Litigation,* 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006); TEX. R. JUD. ADMIN. 13.2(f), 13.3(a), 13.3(*l*).

These cases are clearly related within the meaning of rule 13. Like the *Hurricane Rita* cases, they will explore negligence and causation issues in one enormous event. *See In re Hurricane Rita Evacuation Bus Fire,* 216 S.W.3d 70 (Tex. M.D.L. Panel 2006). The fact that ninety-one plaintiffs have been joined in seven cases (seventy-eight property-damage plaintiffs in five cases) suggests a certain degree of relatedness.[4] The various plaintiffs' pleadings allege essentially the same thing: that a fire was caused by the defendants' "electrical distribution system," or their "electrical wiring and equipment," or their "equipment and/or electrical lines." The damages resulting from the wildfire will of course differ with each individual plaintiff, as damages usually do. *See id.* at 72. But the negligence and causation issues will be substantially related in all the cases. We conclude that the cases involve common issues of fact and are related within the meaning of rule 13.

We also conclude that assigning the cases to one judge for pretrial matters will minimize inconvenience to the witnesses and parties and promote the just and efficient handling of the cases. The core issue that runs through all the cases is whether Cano was negligent and whether that negligence proximately caused damages. Movants assert that in these cases there will be many common expert and fact witnesses who should not have to respond to duplicative discovery obligations. In addition, they argue, there will be other common pretrial issues, such as challenges to expert testimony, rulings on dispositive motions, allegations of evidence spoliation, efforts to disregard the corporate form, and motions to disqualify one of the plaintiffs' law firms in four cases. Respondents have not convincingly rebutted these assertions. We are persuaded that discovery in the different cases will involve many of the same witnesses, such as eyewitnesses, firefighters and other first responders, and defense employees and that discovery issues would be best handled by a single pretrial judge as would the common legal issues.

Here the local issues do not predominate over the common ones, as they did in *In re Ad*

---

[4] Rule 40 permits the joinder of multiple plaintiffs in one lawsuit "if they assert any right to relief . . . arising out of the same transaction [or] occurrence . . . and if any question of law or fact common to all of them will arise in the action." TEX. R. CIV. P. 40.

2

*Valorem Tax Litigation,* 216 S.W.3d at 86 (referring to "the overwhelmingly local nature of these cases"). And of course an MDL movant need not show that witnesses have already been inconvenienced or subjected to multiple similar discovery requests, *In re Silica Prods. Liability Litig.*, 166 S.W.3d 3, 5 (Tex. M.D.L. Panel 2004), or that discovery has already been characterized by conflict instead of agreement, *id.* at 5-6, 7-8 (no reason to suspect that agreement and cooperation will cease when pretrial judge is assigned). "Rule 13 seeks to prevent the occurrence of problems in the future and is not limited to correcting ongoing problems from the past." *In re Ocwen Loan Servicing Litigation*, No. 07-0037 (Tex. M.D.L. Panel 2007), slip op. at 3.

Plaintiffs make four principal arguments in opposition to the motion for a pretrial judge: (1) defendants filed this motion for delay; (2) defendants have waived their right to file the motion; (3) the wrongful death and property damage cases are so unrelated that they should not be consolidated for pretrial purposes; and (4) inefficiencies outweigh any efficiencies. Concerning the first two objections, it is not at all clear that rule 13 contemplates inquiry into a movant's subjective state of mind or its promptness in asserting its rights. Assuming, without deciding, that delay motive and waiver are proper arguments in opposition to a rule 13 motion, we address them below. The other two arguments clearly contend that appointing a pretrial judge will not promote efficiency, convenience, or justice.

## 1. Delay.

When this matter was briefed, plaintiffs argued that appointing one pretrial judge would delay an October 29 trial setting and that delay was the real motive behind the MDL motion. We understand that the trial setting was indeed continued and the case reset for a later date. Nevertheless the delay argument fails to take into account two fundamental truths about MDL procedures.

First, appointment of a pretrial judge has no direct effect on existing settings. It does not necessarily cause delay; it simply puts a different judge in place to make decisions about pretrial matters, including whether and when to remand cases for trial and whether to postpone and

3

reschedule existing trial settings. When an MDL motion is filed, there is no stay of trial court proceedings unless the panel or the trial court expressly issues one. *See* TEX. R. JUD. ADMIN 13.4. Existing trial settings are not affected unless the pretrial judge makes such a ruling and postpones a trial setting.

Second, the granting of an MDL motion does not mean that all cases must proceed at the pace of the slowest. When an individual case is ready for trial, the pretrial judge will ordinarily remand it for trial after consulting with the original trial court about docket realities. The readiness of one case for remand should not be affected by the readiness of other cases because appointment of a pretrial judge does not consolidate cases for purposes of trial; it brings them together for pretrial purposes only. There is no reason why *all* related cases must be ready for trial before *any* may be remanded. Nothing in this opinion or our order granting the MDL motion prevents the pretrial judge from remanding any case for trial at any time he deems the case ready. Whether a case is ready for remand and trial is a decision for the pretrial court to make in its broad discretion.

## 2. Waiver.

Several plaintiffs argue that defendants have in effect waived[5] their right to seek MDL treatment by waiting too long to make that request. It goes without saying that as cases mature from just-filed to fully-discovered and ready for trial, there will be a smaller pretrial portion remaining for a pretrial judge to supervise. This seems to have been the situation in *In re Vanderbilt Mortgage and Finance, Inc.,* 166 S.W.3d 12 (Tex. M.D.L. Panel 2005), in which two of six very similar cases were substantially discovered and set for trial. If an MDL movant has waited until many cases have progressed through discovery and reached maturity, that fact might *weigh against* an MDL assignment. But it does not follow that waiting until there has been considerable pretrial discovery means that a movant has *waived* its right to file an MDL motion. We respectfully reject the suggestion that a litigant must act promptly or it waives its right under

---

[5] "Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Shepherd v. Ledford*, 962 S.W.2d 28, 36 (Tex. 1998) (quoting *Sun Explor. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).

rule 13 to ask for a pretrial judge.

### 3.     Wrongful death and property damage differences.

Plaintiffs argue that property damage cases and wrongful death cases are so different that they should not be handled together. Wrongful death cases, they say, are usually more complicated and require more discovery. And the damages in the two kinds of cases are of course completely different. This much is true. But the liability part of each case will be substantially similar. On balance it makes sense to have one judge handle the pretrial phase of all these enormous wildfire cases arising from a common disaster, giving consistent, unified treatment to the common issues and individualized treatment to the issues that are different. To hold otherwise would in effect require separate pretrial treatment of mass disaster cases whenever there is damage to both property and person.

### 4.     Inefficiencies.

Plaintiffs are concerned that if a pretrial judge is assigned they will have to attend hearings and depositions on matters that may be of minimal importance to them. Not knowing in advance whether their interests will be implicated, they may have to err on the side of caution and attend, wasting attorney time and increasing costs.[6] We are confident that the pretrial judge,

---

[6] In the *Ad Valorem Tax* cases, if a pretrial judge had been assigned, the attorneys and witnesses for forty-two taxing districts would have faced the prospect of having to travel significant distances to attend common hearings and depositions. We said:

> Valero has not shown that any witnesses except its own corporate witnesses may be exposed to multiple demands. Appraisal district personnel and their witnesses, however, will clearly be inconvenienced if they must travel to one central court for pretrial matters instead of to their forty-two local courthouses or to nearby conference rooms. Several of the districts are located in smaller counties, and the amount of tax revenue in their cases is small; to them there is a great difference between pretrial hearings in their own county and hearings in a distant central county for all these cases. Attorneys for the districts often will not know whether a pretrial hearing will implicate their interests, and they will therefore have to attend the distant hearing or risk being bound by the result. On balance, any inconvenience to Valero's witnesses pales in comparison to the potential inconvenience to the local officials,

upon request, will address these concerns. The pretrial judge might, for example, ensure that parties with property damage cases need not participate in damages-only discovery in injury and death cases and vice versa. The court could order that parties with cases in only one county need not participate in specified localized discovery in other counties. And the court could allow any lawyer who thinks his client will not be interested in a deposition to e-mail the lawyer who noticed the deposition and seek assurances about the scope of the questioning; the court could grant the right to re-depose the witness if the assurances were not accurate or something unexpected occurred. These suggestions are illustrative only; lawyers should be creative in asking for efficiency-seeking relief that is tailored to the situation. The pretrial judge has ample discretion to fashion such relief.

* * *

For the reasons stated, Cano's motion to transfer these cases to a pretrial court is granted.

Justices LANG, HANKS, STONE, and MCCLURE join.

_____
David Peeples, Presiding Judge

**OPINION DELIVERED:** January 2, 2008

---

their appraisal personnel, and their attorneys.

216 S.W.3d at 86. These convenience issues are not as salient in the present litigation, in which the cases are pending in four adjacent counties and involve a common disaster.