==========
No. 08-0725
==========


# IN RE DEEP SOUTH CRANE & RIGGING COMPANY

===================================================================
## ON REVIEW BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
===================================================================

JUSTICE CATHERINE STONE delivered the unanimous opinion of the Multidistrict Litigation Panel, in which JUSTICE DAVID PEEPLES, JUSTICE DOUGLAS S. LANG, JUSTICE GEORGE C. HANKS, JR., and JUSTICE ANN CRAWFORD MCCLURE joined.


## FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2008, a crane owned and operated by Deep South Crane & Rigging Company collapsed at a refining facility in Houston, Texas. Three lawsuits are currently pending in two counties asserting claims arising from the crane collapse. Deep South has filed a motion to transfer pursuant to Rule 13 of the Texas Rules of Judicial Administration asking this panel to appoint one pretrial judge for these cases. For the reasons stated in this opinion, the panel grants the motion and appoints a pretrial judge by separate order issued this date.

Within hours after the crane collapsed, a lawsuit was filed in Harris County; however, that lawsuit was subsequently dismissed. Two other plaintiffs filed a second lawsuit in Harris County against Deep South. A third lawsuit was then filed in Jefferson County by six plaintiffs against Deep South, the refining facility, and other defendants. The Jefferson County lawsuit has since been joined by over forty intervenors.

Because the various lawsuits asserted claims arising from the same incident, Deep South filed its motion to transfer on September 5, 2008, seeking the appointment of one pretrial judge for the pending cases. On September 16, 2008, the plaintiffs from the second lawsuit that was filed in Harris County nonsuited their case and subsequently intervened in the Jefferson County lawsuit. On September 24, 2008, the Jefferson County plaintiffs and intervenors filed a response and opposition to Deep South's motion to transfer, asserting that the nonsuit of the Harris County lawsuit left only one lawsuit pending in a single county, so no multidistrict litigation existed.

On October 4, 2008, Deep South filed a reply to the response asserting two additional lawsuits had been filed against Deep South in Harris County on October 3, 2008. The plaintiff in one of the additional lawsuits, the refining facility that is a named defendant in the Jefferson County lawsuit, has alleged a claim for property damage in an amount not less than $6,000,000.00. Each side also subsequently filed an additional pleading questioning the other side's motivations in relation to: (1) the September 16, 2008 nonsuit and subsequent intervention; and (2) the lawsuits filed on October 3, 2008.

COMMON QUESTIONS OF FACT

This panel is authorized to transfer related cases that involve one or more common questions of fact to a single pretrial judge if the transfer will: (1) serve the convenience of the parties and witnesses; and (2) promote the just and efficient conduct of the litigation. TEX. GOV'T CODE ANN. § 74.162 (Vernon 2005); TEX. R. JUD. ADMIN. 13.3(*l*), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon Supp. 2008). The Jefferson County plaintiffs and intervenors challenge whether the pending cases are related given that the claims in the Harris County lawsuits are for property damage, while the claims in the Jefferson County lawsuit are for personal injury. Regardless of the nature of the injury, however, these cases "arise from one common event." *In re*

*Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006). "The damages resulting from the [event] will of course differ with each individual plaintiff, as damages usually do." *In re Cano Petroleum, Inc.*, No. 07-0593, 2008 WL 938431, at \*1 (Tex. M.D.L. Panel Apr. 2, 2008). A core issue common to all of the pending cases, however, will be what caused the crane to collapse, making the negligence and causation issues substantially related in all of the cases. *See id*. Therefore, we conclude that the cases involve common issues of fact and are related.

### CONVENIENCE AND EFFICIENCY

A finding of common issues is not the final step in our analysis. Rather, a determination that the cases involve common issues of fact is merely the first step in deciding whether transfer to one pretrial court is appropriate. TEX. GOV'T CODE ANN. § 74.162 (Vernon 2005) (specifying that transfer must serve the convenience of parties and witnesses and promote just and efficient conduct of litigation). Further, the mere presence of common fact issues does not necessarily compel a finding that pretrial MDL transfer would further convenience and efficiency. Other factors considered when addressing convenience and efficiency requirements of the statute include costly travel, duplicative discovery and depositions, and potentially conflicting orders.

Based on the record before us, we conclude that assigning the cases to one judge for pretrial matters will minimize inconvenience to the witnesses and parties and promote the just and efficient handling of the cases. As Deep South notes, common expert and fact witnesses will need to respond to discovery in the pending cases. The witnesses will likely include the employees who assembled the crane in Harris County, those who witnessed the crane's collapse, those who responded to the scene to provide rescue and medical care, and those who investigated it. "When rule 13 voices its concern for efficiency and for the convenience of the parties and witnesses, it has such persons in mind." *In re Hurricane Rite Evacuation Bus Fire*, 216 S.W.3d at 72. As Deep South asserts in its

motion, duplicative discovery and pretrial proceedings can be very costly, inconvenient, and produce divergent results. "We think it is undeniable that it is more convenient for witnesses and parties who find themselves involved in several related cases to litigate in one pretrial court instead of several." *In re Silica Products Liability Litigation*, 166 S.W.3d 3, 6 (Tex. M.D.L. Panel 2004).

In addition, Deep South contends several pretrial issues are likely to arise that will require consistent rulings. For example, Deep South notes that numerous claimants have sought temporary restraining orders to enjoin the defendants from disturbing the accident scene and potentially giving rise to issues involving evidence spoliation. Deep South also notes that the design of the crane is proprietary in nature, and a single pretrial judge would be in a better position to protect the design's confidentiality. The Jefferson County plaintiffs and intervenors do not dispute the likelihood of these potential pretrial issues. Accordingly, we conclude that granting Deep South's motion will promote consistency and efficiency in rulings on these and other pretrial issues.

### TYPES OF DAMAGES SOUGHT

Finally, with regard to the attempt of the Jefferson County plaintiffs and intervenors to distinguish the Harris County property damage lawsuits from their personal injury lawsuit, we note that this panel has previously rejected such a distinction. *In re Cano Petroleum, Inc.*, 2008 WL 938431, at *3. Although we agreed that the damages in the two kinds of cases are different, we noted that the liability part would be substantially similar and concluded:

> . . . . On balance it makes sense to have one judge handle the pretrial phase of [related cases] arising from a common disaster, giving consistent, unified treatment to the common issues and individualized treatment to the issues that are different. To hold otherwise would in effect require separate pretrial treatment of mass disaster cases whenever there is damage to both property and person.

*Id*.

For the reasons stated, Deep South's motion to transfer is granted.

_____

Catherine Stone, Justice

**OPINION DELIVERED**: December 9, 2008