No. 08-0956

IN RE PETROLEUM WHOLESALE LITIGATION

ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

JUSTICE MCCLURE delivered the opinion for the unanimous MDL Panel.

In a case of first impression, this Panel must consider whether three[1] pending causes in Harris County, Galveston County, and Ellis County – all of which include class action allegations – should be transferred to a pretrial court for consolidated and coordinated pretrial proceedings. The defendants, Petroleum Wholesale, L.P.; PWI GP, LLC; Petroleum Wholesale, Inc.; Sunmart, Inc.; Sun Petroleum, LLC; and Sun Development, L.P. (collectively Petroleum), suggest that all three lawsuits contain allegations of violations of the Deceptive Trade Practices Act (DTPA) and all three seek restitution on behalf of affected consumers for innumerable transactions all over Texas.

Rule 13 authorizes us "to transfer 'related' cases from different trial courts to a single pretrial judge if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *See In re Ad Valorem Tax Litigation,* 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006); TEX. R. JUD. ADMIN. 13.2(f), 13.3(a), 13.3(l). For the reasons that follow, we grant the motion to transfer.

---

[1] A fourth lawsuit was filed by the Texas Attorney General in Cause No. 2008-45789, pending in the 234th District Court of Harris County. This DTPA suit seeks disgorgement for victimized consumers and restoration of "all money or other property taken from identifiable persons by means of unlawful acts or practices." It was originally included in Petroleum's motion to transfer, but Petroleum has released the State of Texas from its motion.

1

# FACTUAL SUMMARY

The lawsuits arise out of the Texas Department of Agriculture's "*Operation Spotlight*", which was conducted between July 18 and July 20, 2008. In what Petroleum characterizes as a statewide "blitz" targeting all of its retail gasoline pump devices, the Commissioner of Agriculture publicly accused Petroleum of operating pump devices that dispensed less fuel than that being purchased by the consumer. Three lawsuits were filed against the company within a matter of days:

● Cause No. 59,498, pending in County Court at Law Number One of Galveston County, filed by John Marroney and Adrian Oatis, which includes class action allegations seeking to represent all customers who purchased gasoline at any of Petroleum's Texas stations within a four-year period.

●Cause No. 2008-45087, pending in the 334th District Court of Harris County, filed by Allison Snoddy, Stefanie Brigance and Charles Ziegler, seeking certification of a class of all consumers who purchased gasoline at Petroleum's unlawfully calibrated pumps in Texas over a four-year period.

●Cause No. 77015, pending in the 40th District Court of Ellis County, filed by Joe C. Webster, seeking to represent all customers who purchased gasoline by credit card from one or more of Petroleum's miscalibrated pumps in Texas from July 21, 2004, forward.

The essential allegations in each suit are that Petroleum (1) misrepresented statewide that the posted or advertised price per gallon was the true price; and (2) concealed statewide that Petroleum or its agents had calibrated the pumps at the station to deliver less product than lawfully allowed and less product than it had represented would be delivered. Petroleum contends that all three lawsuits allege violations of the Deceptive Trade Practices Act, seek restitution on behalf of affected consumers, rely upon *Operation Spotlight's* report of calibration errors, and seek the same type of damages on behalf of the same consumers. The Harris County plaintiffs, joined by the Galveston and Ellis County plaintiffs, respond that (1) transfer would be "premature before class certification discovery",

2

(2) Petroleum has not established that a common question of fact permeates the cases, or (3) transfer would promote the just and efficient conduct of the lawsuits.

## ARE THE CASES RELATED?

Petroleum contends that the class certification process in and of itself is undeniably a common fact issue among the three competing putative class representatives. The plaintiff groups respond that transfer is inappropriate because there is no single causative device, no common agreement and no other common fact. As Petroleum notes, a purported statewide attempt to deceive consumers qualifies as a single causative event. *See In re Panhandle Fire Litigation,* — S.W.3d —, 2008 WL 938431 (Tex. M.D.L. Panel 2008); *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W.3d 70 (Tex. M.D.L. Panel 2006). Indeed, the plaintiffs in each suit will have to establish a common causative element that will provide commonality to the class. Petroleum points to these ten common fact issues:

- The integrity of the data maintained by the Department of Agriculture;

- The testing methodology employed by the inspectors and the accuracy of the results;

- The bias of Department officials to inspectors in the field;

- The bias of Department officials in applying more stringent standards to Petroleum than any other company;

- Whether the "60-percent" rule was properly promulgated as a rule or is void for not having been properly promulgated;

- Whether Petroleum reasonably relied on assurances from independent third-party service technicians that their pump devices were properly calibrated;

- Whether there was an organized effort to alter the proper calibration of Petroleum's fuel dispensers;

- Whether Petroleum profited from any calibration errors;

3

• Whether plaintiffs were injured by any calibration errors; and

• The methods for calibrating and inspecting fuel service dispensers.

Although this Panel has not previously addressed MDL consolidation of putative class actions, the federal courts have. Just weeks ago, the United States District Court for the Eastern District of Louisiana considered a motion for class certification by plaintiffs in multi-district litigation. *In re FEMA Trailer Formaldehyde Products Liability Litigation*, No. MDL 071873, 2008 WL 5423488 (E.D. Louisiana Dec. 29, 2008). These litigants filed suit for products liability against the United States and several manufacturers, alleging that they lived in trailers provided to them by FEMA after Hurricanes Katrina and Rita. The court framed the issue thusly:

> The Court is presently faced with the issue of whether or not this litigation should be certified and managed as a class action, or, more specifically, as six separate sub-classes.[2] If the Court chooses not to certify a class, then this matter will proceed as a mass joinder in the MDL.

*Id.* at *2. The court explained that the federal rules require numerosity, commonality, typicality and adequacy. *Id.* at *3. The first two requirements focus on the characteristics of the class while the latter two focus on the desired characteristics of the class representatives. *Id.* Texas state court procedure is substantially similar. *See* TEX.R.CIV.P. 42(a).

Clearly, there is a nexus between commonality for class certification purposes and relatedness for consolidation purposes. "The test of commonality is not demanding ... The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant member of the putative class members." *In re FEMA Trailer* at *4. Ultimately, the court denied class certification, finding that

---

[2] The six subclasses included the Louisiana subclass, the Texas subclass, the Mississippi subclass, the Alabama subclass, the Future Medical Services subclass, and the Economic Loss subclass.

4

the plaintiffs alleged dozens of different manufacturing companies manufactured products that caused harm, with some manufacturers providing multiple models. *See also, In re Bridgestone/Firestone, Inc. Tires,* 288 F.3d 1012 (7th Cir. 2002) (plaintiffs unsuccesfully sought to have the MDL court certify a nationwide class of consumers who purchased or leased any of the tires included in the NHTSA investigation). The Texas Supreme Court has also determined that class certification is an appropriate issue for an MDL court. *Zurich American Insurance Company v. Nokia, Inc.*, 268 S.W.3d 487, 496 (Tex. 2008).

We conclude that the cases involve common issues of fact and are related within the meaning of Rule 13. We should not be heard to say that putative class action lawsuits asserted against the same defendant should automatically receive MDL treatment. But consolidation is certainly appropriate here.

## CONVENIENCE OF PARTIES AND WITNESSES

A finding of common issues is not the final step of our analysis. *In re Deep South Crane & Rigging Company,* No. 08-0725, slip op. at 3 (Tex. M.D.L. Panel 2008)*.* Factors to be considered include costly travel, duplicative discovery and depositions, and potentially conflicting orders. *Id.* In its opening paragraph, the plaintiff groups state, in passing, that Petroleum has not established that the convenience of the parties and witnesses will be better served by transfer. That is the extent of their argument. Nowhere else have they contested Petroleum's contention that transfer will facilitate convenience. For example, Petroleum advises us that between fifty and seventy inspectors employed by the Texas Department of Transportation participated in "*Operation Spotlight"*. Commissioner Todd Staples and his staff are likely witnesses. Petroleum argues that duplicative discovery of these witnesses and duplicative production of documents by the Department and Petroleum can be avoided

5

by consolidation. Consequently, pursuant to Rule 13.3(j), we accept Petroleum's recitation as true. TEX. R. JUD. ADMIN. 13.3(j).

## JUST AND EFFICIENT CONDUCT OF CASES

The plaintiffs' response was filed before the lawsuit filed by the Texas Attorney General was removed from the motion to transfer. Although the opportunity for additional briefing was offered, the plaintiff groups did not submit further argument. They allege that transfer will not promote the just and efficient conduct of the actions because the three private class actions seek a different remedy and will follow a different process than the State's action. Since this is no longer an issue, we are left with their allegations that the litigants and counsel in the three private class actions have coordinated class certification discovery, have agreed to depose Petroleum's corporate representative jointly on certification issues, and have agreed to do so at a time and location convenient to Petroleum. They also argue that they have served no duplicative discovery other than requests for disclosure. Petroleum counters that there have been hearings in Galveston regarding written discovery and hearings in Houston concerning depositions. Moreover, it argues that there is no agreement that can address the competing class certification efforts. And they explain that three trial courts – within different appellate districts – will consider class certification:

> If they reach conflicting results on similar factual records, lengthy appeals are a certainty. Even if the trial court rulings are identical, the potential still exists for duplicative appeals. A single pretrial judge is necessary, and is justified under Rule 13.

Petroleum also argues that in the absence of transfer, the proverbial race to the courthouse for class certification will ensue. We agree. Each putative class will be competing to represent consumers with regard to the same pumps in the same counties. Duplicative claims for damages on behalf of

6

the same consumers for the same set of transactions is inherently tied to just and efficient trial management. For all of these reasons, we grant Petroleum's motion to transfer these cases to a pretrial court.

## APPOINTMENT OF MDL JUDGE

In this case, as in many of the motions to transfer recently filed, the movants have suggested transfer to a particular county and even a particular judge. We disfavor this practice. Consolidation of cases into a pre-trial court is not intended to facilitate forum shopping, nor the appearance of forum shopping. Here, Petroleum contends that since one of the three suits is pending in Harris County, plaintiffs' counsel for the other two suits office in Houston, most of the gas stations in question are located in Harris County, and the corporate headquarters for Petroleum is in adjacent Montgomery County, a Harris County judge would be the most convenient appointment for all parties. That may well be true, and if asked the plaintiff groups may agree. But the decision rests solely within the discretion of the MDL Panel.

The motion to transfer is granted and a pre-trial judge will be appointed by separate order.

Presiding Judge PEEPLES, Justices LANG, HANKS, and STONE concur.

_____
Ann Crawford McClure, Justice

**OPINION DELIVERED:** February 10, 2009

7