===============
MDL No. 09-0201
===============

# IN RE CONTINENTAL AIRLINES FLIGHT 1404

====================================================
## ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL
====================================================

JUSTICE MCCLURE delivered the unanimous opinion of the MDL Panel

On December 20, 2008, Continental Airlines Flight 1404 departed the runway of Denver International Airport in Denver, Colorado enroute to Houston, Texas. The aircraft caught fire, and the 114 passengers and crew members on board were evacuated. Fortunately, there were no fatalities, but 37 passengers and crew members were transported to a hospital. Thirteen plaintiffs have filed suit against Continental in six different district courts in Harris County. Nine of these passengers have also filed suit against the pilots, Captain David Butler and First Officer Chad Levang.

Continental alleges that the first lawsuit was filed by two Texas passengers on January 12, 2009, and assigned to the 129th Judicial District Court of Harris County. An amended petition filed on January 20 added three additional Texas passengers as plaintiffs. Three more passengers joined as plaintiffs on February 13 – one from Texas and two who are residents of Maryland. On February 4, another passenger represented by different counsel filed suit in the 80th Judicial District Court of Harris County. On March 5, four suits were filed in the 334th, 270th, the 281st, and the 269th District Courts of Harris County respectively. Having received notice letters from twelve different law firms representing 21 other passengers, Continental anticipates additional lawsuits will be filed.

1

# THE ARGUMENTS

Continental, joined by Captain Butler and First Officer Levang (collectively "Movants"), have sought transfer and consolidation of the six pending lawsuits. They contend that all of these cases share multiple common issues of fact – whether Continental and its crew were negligent, the manner in which they were allegedly negligent, and whether that negligence was a proximate cause of the accident. Movants believe that consolidated and coordinated pretrial proceedings will eliminate duplicative discovery, avoid conflicting legal rulings, conserve judicial resources, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of the lawsuits.

All of the plaintiffs oppose the motion, although their reasons are not identical. Plaintiffs Hart[1] and Scharfenstine[2] argue that this is not "multidistrict litigation" because the existing lawsuits are pending in Harris County. We disagree. The Government Code specifies that the Multidistrict Litigation Panel "may transfer civil actions ... pending in the same or different ... district courts to any district court for consolidated or coordinated pretrial proceedings ...." TEX. GOV'T. CODE § 74.162 (Vernon 2005). The Rules of Judicial Administration authorize us "to transfer 'related' cases *from different trial courts* to a single pretrial judge if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *In re Ad*

---

[1] *Julie Hart v. Continental Airlines, Inc.*, Cause No. 2009-13797 in the 334th Judicial District Court of Harris County, Texas.

[2] *Carey Megan Scharfenstine v. Continental Airlines, Inc.*, Cause No. 2009-14332 in the 270th Judicial District Court of Harris County, Texas; *Carey Megan Scharfenstine, as Mother and Next Friend of Lloyd Colin Scharfenstine v. Continental Airlines, Inc.*, Cause No. 2009-14333 in the 281st Judicial District Court of Harris County, Texas [transfered by the 281st District Court to the 270th District Court on March 18]; *Carey Megan Scharfenstine, as Mother and Next Friend of Greyson Cole Scharfenstine, v. Continental Airlines, Inc.*, Cause No. 2009-14354 in the 269th Judicial District Court of Harris County, Texas.

2

*Valorem Tax Litigation*, 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006) (emphasis added); TEX. R. JUD. ADMIN. 13.3. Nothing in the Government Code or the Rules of Judicial Administration limit transfer to only those situations in which the lawsuits are pending in different counties.

Plaintiffs Craft, Pellegrini Dempsey, Reyna, Hamra, Mutschler[3] and Kuehn[4] contend that MDL treatment is unwarranted because the cases are neither too numerous nor too complex. Numerosity and complexity are not requirements of transfer. While relevant, the number of pending cases and parties is not directly determinative. *In re Vanderbilt Mortgage and Finance, Inc.*, 166 S.W.3d 12, 14 (Tex. M.D.L. Panel 2005). And although federal courts, in rejecting cases for MDL consolidation, have implied a complexity component, this panel has not.

Finally, the Plaintiffs unanimously argue that the need to coordinate pretrial discovery can be alleviated by Harris County Local Rule 3.2.3:

**3.2 Transfer**

3.2.3 *Consolidation.*

(a) *Consolidation of Cases.* Subject to subpart c, a motion to consolidate cases must be heard in the court where the first filed case is pending. If the motion is granted, the consolidated case will be given the number of the first filed case and assigned to that court.

(b) *Consolidation of Discovery.* Subject to subpart c, a motion to consolidate discovery in separate cases must be heard in the court where the first filed case is pending. If the motion to consolidate discovery is granted, the case will not transfer, but the case management will be conducted by the consolidating court.

---

[3] *Melissa Craft, Emily Pellegrini, Audrey Dempsey, Debralynn Dempsey, Crystal Dempsey, Mark Reyna, Nicholas Hamra, and Jessica Mutscyler v. Continental Airlines, Inc., David Butler and Chad Levang, Individually,* Cause No. 2009-01917 in the 129th Judicial District Court of Harris County, Texas.

[4] *Julie Kuehn v. Continental Airlines, Inc., David Butler and Chad Levang, Individually,* Cause No. 2009-01917 in the 80th Judicial District Court of Harris County, Texas.

(c) *Consolidation to Special Dockets.* Special dockets for the management of multi-court cases may be created by order of the Administrative Judge of the Civil Trial Division according to policies approved by the judges of the Civil Trial Division.

Movants respond that while the local rule will alleviate conflicting discovery orders, it will not prevent inconsistent rulings from multiple courts on non-discovery issues, including:

- alternative dispute resolution;

- trial settings;

- summary judgment proceedings;

- motions to strike expert witnesses;

- motions in limine; and

- pre-admission of exhibit.

An MDL court, Movants argue, can handle not only discovery issues, but can also decide these other pretrial matters. TEX.R.JUD. ADMIN. 13.6(b) & (c). We agree with Movants that Rule 13 provides remedies that Local Rule 3.2.3 does not.

We turn now to the specific issues at hand. Are these cases related, and if so, will transfer (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation?

## ARE THE CASES "RELATED"?

Under Rule 13.2 (f), cases are "related" if they involve "one or more common questions of fact." TEX. GOV'T CODE § 74.162 (Vernon 2005); TEX. R. JUD. ADMIN. 13.2(f). Movants contend that all of the Flight 1404 lawsuits incorporate allegations of their failure to exercise the highest degree of care in (1) operating the aircraft, (2) maintaining control of the aircraft, (3) boarding and discharging passengers, (4) conducting safety inspections, and (5) maintaining and repairing the

4

aircraft. There are also allegations that Continental failed to use ordinary care in hiring, training and supervising competent and qualified employees. These liability issues will involve testimony from the same fact witnesses and common expert witnesses, such as the flight crew, air traffic controllers, emergency and rescue crew members, weather observers, National Transportation Safety Board (NTSB) employees, and Denver airport personnel.

We are hard pressed to distinguish the circumstances here from those in *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70 (Tex. M.D.L. Panel 2006). There, we held:

> These cases arise from one common event, and no one has seriously denied that the liability issues in each of them will be substantially the same. We recognize that different attorneys will develop and try their cases differently, that not every defendant before us has been sued in every case, that different expert witnesses may be involved, and that the damages will differ from case to case, as they always do. But the lawyers will be examining the same large pool of employees and fact witnesses.

*Id.* at 72. We likewise conclude here that these cases are related.

## WOULD TRANSFER PROMOTE EFFICIENCY AND SERVE THE CONVENIENCE OF PARTIES AND WITNESSES?

We also conclude that assigning these cases to one judge for pretrial matters will promote the just and efficient handling of the cases and minimize inconvenience to the witnesses and parties. Factors to be considered include costly travel, duplicative discovery and depositions, and potentially conflicting orders. *In re Deep South Crane & Rigging Company,* — S.W.3d —, 2008 WL 5784600 at *2 (Tex. M.D.L. Panel Dec. 9, 2008). As in *In re Cano Petroleum,* No. 07-0593, 2008 WL 938431 (Tex. M.D.L. Panel Apr. 2, 2008), the core issue is whether Movants were negligent and whether that negligence proximately caused the Plaintiffs' damages. *Id.* at *1. In cases arising from a common disaster, it makes sense to ensure unified treatment of the common issues and

individualized treatment to the issues that differ. *Id.* at *3. "One virtue of transferring related cases to a single pretrial judge is that issues, once raised, will be decided the same way in the future." *In re Silica Products Liability Litigation*, 166 S.W.3d 3, 6 (Tex. M.D.L. Panel 2004).

While some of the plaintiffs complain that the NTSB will have done all of the work that is typically done during the discovery phase, others reply that far too much attention has been placed on the NTSB investigation since many of its findings are not trustworthy as a result of the involvement of airline and aircraft manufacturers as "technical advisors". Movants counter that the plaintiffs have already submitted 245 requests for production and 49 interrogatories. They inform us that, in the absence of transfer, every district court will potentially need to address the discoverability and admissibility of the cockpit voice recordings. And Movants advise that NTSB employees may only testify once in connection with any accident investigation[5], NTSB accident reports are not admissible at trial,[6] and NTSB factual reports may be wholly or partially admissible. *See* 49 C.F.R. § 835.2; *Davis v. Stallones*, 750 S.W.2d 235, 236 ((Tex.App.–Houston [1st Dist.] 1987, no writ) (excluding entire report, including portions containing fact findings); *Protectus Alpha Navigation Co. v. N. Pac. Grain Growers*, 767 F.2d 1379, 1385 (9th Cir. 1985) (holding all NTSB fact findings inadmissible); *In re Air Crash at Sioux City, Iowa, on July 19, 1989*, 780 F.Supp. 1207, 1212-1213 (N.D. Ill. 1991) (excluding all of NTSB's factual report); *but see Chiron Corp. & Perspective Biosystems, Inc. v. Nat'l Transp. Safety Bd.*, 198 F.3d 935, 940-941 (D.C. Cir. 1999) (holding that NTSB's factual reports are fully admissible). As a result of these conflicting holdings, Movants suggest that consolidation to a pretrial court would promote consistency in these important

---

[5]  49 C.F.R. § 831.13(a).

[6]  49 U.S.C. § 1154(b); 49 C.F.R. § 835.2.

evidentiary rulings. We agree. A moving party need not establish an existing problem that requires correction. *In re Silica Products Liability Litigation*, 166 S.W.3d at 5.

Finally, we turn to the convenience of the parties and witnesses. Plaintiffs Hart and Scharfenstine take the position that the motion to transfer is an attempt at forum shopping and serves as a delay tactic: "When all 13 cases filed against it are in Harris County, Continental's own principal place of business, it has no room to complain that a transfer would be more convenient." This argument assumes that the litigation would be transferred outside of Harris County. Movants have not suggested that we do so. In its original briefing, Continental suggested that the Flight 1404 cases, together with any tag-along cases, be transferred to a Harris County district court, because "Continental is headquartered in Harris County, the cases to be transferred are pending in Harris County district courts, eight of the plaintiffs are represented by an attorney with an office in Harris County, and Continental's counsel has an office in Harris County." Plaintiffs Craft, Pellegrini, Dempsey, Reyna, Hamra, Mutschler and Kuehn propose that any MDL consolidation should result in transfer to the 129th Judicial District Court of Harris County, where the first lawsuit was filed and where consolidation would be proper under the Harris County Local Rules. Movants reply simply that we should appoint a pretrial court in Harris County that is best suited for the assignment that is approved by the Chief Justice of the Texas Supreme Court. These arguments are likely tailored in response to our statement in *In re Petroleum Wholesale Litigation*, — S.W.3d —, 2009 WL 887988 at *4 (Tex. M.D.L. Panel Feb. 10, 2009):

> In this case, as in many of the motions to transfer recently filed, the movants have suggested transfer to a particular county and even a particular judge. We disfavor this practice. Consolidation of cases into a pre-trial court is not intended to facilitate forum shopping, nor the appearance of forum shopping. Here, Petroleum contends that since one of the three suits is pending in Harris County, plaintiffs' counsel for the

other two suits office in Houston, most of the gas stations in question are located in Harris County, and the corporate headquarters for Petroleum is in adjacent Montgomery County, a Harris County judge would be the most convenient appointment for all parties. That may well be true, and if asked the plaintiff groups may agree. But the decision rests solely within the discretion of the MDL Panel.

We thus reject the argument that Movants are merely forum shopping.

Because of the limitations on NTSB employees, transfer will serve the convenience of witnesses and experts. We perceive no inconvenience arising with regard to any of the parties inasmuch as we have exercised our discretion to designate a Harris County pretrial court. We grant the motion to transfer and motion to stay. The pre-trial judge will be appointed by separate order.

PRESIDING JUDGE PEEPLES AND JUSTICES LANG AND STONE join.
JUSTICE HANKS, not participating.

_____

Ann Crawford McClure, Justice

**OPINION DELIVERED:** May 7, 2009

8