**In re SPICEWOOD WILDFIRE LITIGATION.**

No. 14–0250.

Texas Judicial Panel on Multidistrict Litigation.

May 21, 2014.

ON REVIEW BY THE MULTIDISTRICT
LITIGATION PANEL

Chief Justice CATHERINE STONE delivered the unanimous opinion of the MDL Panel.

GTE Southwest Incorporated d/b/a Verizon Southwest ("Verizon"), Perdenales Electric Cooperative, Inc. ("Perdenales"), and Utility Support Systems, Inc. n/k/a TRC Companies, Inc. ("TRC") have filed a motion to transfer 15 lawsuits pending in 7 district courts in Travis County to a single pretrial court for coordinated pretrial proceedings. For the reasons given below, we grant the motion.

## BACKGROUND

In 2011, a brush fire near Spicewood, Texas burned for approximately eleven days, damaging approximately 6500 acres of land in Travis County. After the Travis County Fire Marshall concluded that low hanging electrical lines were a possible source of the fire, fifteen lawsuits were filed against Perdenales in seven different district courts in Travis County. With subsequent interventions, these lawsuits now involve 28 individual plaintiffs and 39 insurance companies representing 74 additional claimants. Verizon and TRC were subsequently added as additional defendants in the lawsuits.

Verizon, Perdenales, and TRC filed a joint motion for transfer asserting the 15 lawsuits share common issues of fact with regard to whether the defendants were negligent or liable for trespass and whether their actions were a proximate cause of the fire. Verizon, Perdenales, and TRC also assert the transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

In their response to the motion to transfer, the plaintiffs/intervenors in the 15 lawsuits do not challenge the existence of common issues of fact. Instead, the plaintiffs/intervenors contend their requested consolidation under Rule 2.6 of the Travis County Local Rules of Civil Procedure and Rules of Decorum achieves the same result as a transfer to an MDL pretrial court. Therefore, the plaintiffs/intervenors contend the motion fails "to demonstrate that a transfer to the MDL in this case will create a more efficient process."

## DISCUSSION

This panel is authorized to transfer related cases that involve one or more common questions of fact to a single pretrial judge if the transfer will: (1) serve the convenience of the parties and witnesses; and (2) promote the just and efficient conduct of the litigation. TEX. GOV'T CODE ANN. § 74.162 (Vernon 2013); TEX.R. JUD. ADMIN. 13.3($l$), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F. app. (Vernon 2013).

As previously noted, the plaintiffs/intervenors do not argue that the 15 cases are not related. *See* TEX.R. JUD. ADMIN. 13.2(f) (defining "related" as cases that "involve one or more common question of fact"). Similar to many of this panel's prior decisions, the 15 cases in question arise from a common event and the liability and causation issues will be substantially the same in all the cases. *See, e.g., In re Continental Airlines Flight 1404*, 387 S.W.3d 925, 929 (Tex.M.D.L.Panel 2009) (holding cases related based on common liability questions where lawsuits arose from aircraft fire that injured 37 passengers and crew members); *In re Cano Petroleum, Inc.*, 283 S.W.3d 179, 181 (Tex.M.D.L.Panel 2008) (holding cases related based on common liability and causation questions where lawsuits arose from a wildfire which swept 480,000 acres); *In re Hurricane Rita*

*Evacuation Bus Fire*, 216 S.W.3d 70, 72 (Tex.M.D.L.Panel 2006) (holding cases related based on common liability issues where lawsuits arose from a bus fire that killed 23 people and injured several others). Accordingly, we conclude the 15 lawsuits are related.

In addition to the cases being related, we also conclude that assigning the cases to one judge for pretrial matters will minimize inconvenience to the witnesses and parties and promote the just and efficient handling of the cases. In reaching this conclusion, we considered factors such as "duplicative discovery and depositions, and potentially conflicting orders." *In re Continental Airlines Flight 1404*, 387 S.W.3d at 930. We are persuaded that the liability issues will involve many of the same fact and expert witnesses and coordinating discovery will avoid duplicative discovery and multiple depositions. We are also persuaded that consolidation will promote consistent rulings on dispositive motions and protective orders.

Apparently recognizing that consolidation will minimize inconvenience and promote efficiency, the plaintiffs/intervenors' primary argument is that the assignment of a single judge under Travis County Local Rule 2.6 provides the same efficiencies as an MDL transfer. We disagree.

After the motion for transfer and response were filed in this case, the local administrative judge of the Travis County District Courts signed an order assigning the 15 lawsuits to a single judge. The order expressly stated, however, that the cases were "not being consolidated" and were being assigned "for pretrial matters only." Unlike Travis County Local Rule 2.6 which fails to specify what pretrial matters the assigned judge can consider,[1] Rule 13.6 of the Texas Rules of Judicial Administration expressly lists twelve matters an MDL pretrial court can undertake, including scheduling discovery proceedings and setting appropriate limitations on discovery, issuing protective orders, scheduling dispositive motions, providing for an exchange of documents, and establishing a document depository. TEX.R. JUD. ADMIN. 13.6; *see also In re Continental Airlines Flight 1404*, 387 S.W.3d at 929 (noting Rule 13.6 provided remedies that a Harris County local rule did not provide). Even more importantly, Rule 13.8 states that the MDL pretrial court's orders are generally binding on the trial court after remand. TEX.R. JUD. ADMIN. 13.8; *see also In re Tex. City Refinery Ultracracker Emission Litigation*, 391 S.W.3d 680, 680–81 (Tex.M.D.L.Panel 2010) ("A pretrial judge appointed under the MDL procedures [ ] is given extensive authority over all pretrial aspects of the case, and in most instances its pretrial rulings will be binding when the case is remanded for trial."). No similar provision binds the Travis County district courts. Finally, "[p]retrial courts op-

---

1. Rule 2.6 entitled "Assignment of All or Part of Case to a Particular Judge" provides, in pertinent part:

 If a party or parties believe that a case, or part of a case, has unusual characteristics that make it particularly suitable for assignment to one judge, the party or parties jointly may request the Local Administrative Judge to assign the case to one judge. The request, explaining the unusual characteristics, must be submitted in writing to the Local Administrative Judge. Generally, the request should be made at the beginning of the case, and requests made after significant litigation are less likely to be granted because the benefit of one judge has diminished. In considering the request, the Local Administrative Judge will guard against forum-shopping and will maintain the integrity of the Central Docket system, wherein assignment is the rare exception. No request for assignment to a *particular* judge will be considered by the Local Administrative Judge except for reasons of judicial economy. Travis Cnty. Dist. Ct. Loc. R. 2.6.

erating under the rules of civil procedure, supplemented by local rules, are simply not able to serve Rule 13's goals because an MDL pretrial court, unlike other trial courts, is empowered—and instructed—to ensure the orderly and coordinated remand of cases for trial." *In re State Farm Lloyds Hurricane Ike Litigation,* 392 S.W.3d 353, 358 (Tex.M.D.L.Panel 2012). "Pretrial judges are granted continuing authority over remanded cases for the plain reason that continuances, resettings, and further discovery after remand could interfere with the pretrial judge's management of the remaining MDL cases." *In re Tex. Windstorm Ins. Ass'n Hurricanes Rita and Humberto Litigation,* 339 S.W.3d 401, 405 (Tex.M.D.L.Panel 2009). "Rule 13 therefore limits the trial judge's power to make rulings in remanded cases that might interfere with the remaining MDL cases." *Id.* Accordingly, we reject the plaintiffs/intervenors' argument that the assignment order made by the Travis County local administrative judge pursuant to Local Rule 2.6 provides the same efficiencies as a consolidation and transfer under the MDL procedures.

### CONCLUSION

The motion for transfer is granted. The pre-trial judge will be appointed by separate order.

Presiding Judge PEEPLES, Justice LANG–MIERS, and Justice BROWN concur.

Chief Justice McCLURE not Participating.