## Ex Parte Henry Jonischkies.

### No. 5933.   Decided November 10, 1920.

**1.—Habeas Corpus—Relator Not in Custody—Rule Stated—Jurisdiction.**

Where, upon application for writ of *habeas corpus* to this court, it appeared from the record that the applicant is not actually in custody nor in any manner restrained of his liberty, this court has no jurisdiction, and the application for writ of *habeas corpus* is dismissed.

**2.—Same—Rehearing—Verbal Understanding—Custody—Practice on Appeal.**

Our statute provides the mode of procedure after conviction and unless it appears that the relator has been arrested and is held in custody by some officer, this court will decline to take jurisdiction by granting a writ of *habeas corpus*, and a verbal agreement or understanding with the officer, that relator be permitted to go at large, will not be recognized.

From DeWitt County.

Original Application for writ of *habeas corpus* before this court, asking release from illegal restraint.

From the brief of the Assistant Attorney General in this court, it appears that the applicant was charged in the corporation court of Yorktown for the violation of a traffic ordinance of that city, and was there convicted and appealed to the County Court of DeWitt County and was again convicted of said offense and his punishment assessed at five dollars and all costs of court, a jury having been waived. Whereupon, he gave notice of appeal to the Court of Criminal Appeals. His motion for new trial was then overruled, in the absence of the applicant or his attorney, no committment or other such process was ever issued from the said County Court, nor, was the defendant ever in custody of an officer or restrained of his liberty.

*J. F. Murray,* for applicant.—Cited: Ex parte Snodgrass, 65 S. W. Rep., 1061.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Ex parte Coupeland, 26 Texas, 386.

LATTIMORE, JUDGE.—At a former day 'applicant presented his application for a writ of *habeas corpus,* setting up therein that he was illegally restrained of his liberty by the sheriff of De Witt County, Texas. The request of applicant was granted, and a writ issued, returnable to this term of this Court. Our Assistant Attorney General has filed a motion to dismiss relator's application, accompanying said motion with the affidavit of the sheriff of DeWitt County

88 Tex.—9

that he has never had applicant in his custody either by virtue of any writ or commitment or in any way whatsoever. There is also attached to said motion of the Assistant Attorney General, the official certificate of the County Clerk of DeWitt County, that no commitment or warrant of any kind has ever issued for applicant. Inasmuch as a writ of *habeas corpus* will not be issued unless the party applying therefor appears to be in some manner illegally restrained, this writ will be denied and the application dismissed. Numerous authorities might be cited, in which this Court has declined to take jurisdiction of petitions for writs where it is made to appear that the applicant is not actually in custody, nor in any manner restrained of his liberty. In the light of these authorities, and upon the affidavit of the said sheriff and the certificate of the said clerk, the application will be dismissed.

*Dismissed.*

ON REHEARING.

November 10, 1920.

LATTIMORE, Judge.—Relator has filed a motion for rehearing, asking that we set aside our order dismissing his application for writ of *habeas corpus,* which motion is accompanied by the affidavits of relator and his attorney, in both which appears a substantial statement of some kind of an agreement or verbal understanding had by them with the sheriff, by which he permitted the relator to go at large without the issuance of any commitment or the making of any bond. This is clearly illegal. Our statute provides the mode of procedure after conviction, and until and unless it appears that this relator has been arrested and is held in custody by some officer, this court will decline to take jurisdiction of his case by granting a writ of *habeas corpus.*

The motion for rehearing is overruled.

*Overruled.*