## EX PARTE MRS. C. W. COMPTON CALHOUN.

No. 7044. Decided March 11, 1936.
(91 S. W., 2d Series, 1047.)

*Fred Erisman,* of Longview, for relator.

*Clay Cooke,* of Fort Worth, *C. L. McCartney,* of Brownwood, *Jones & Jones,* of Marshall, *Julian P. Moseley,* of Longview, *Carlton Smith* and *Leonard Cox,* both of Waco, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the court.

On January 5, 1936, Mrs. C. W. Compton Calhoun, relator herein, was adjudged in constructive contempt of court by the District Court of Gregg County, Texas, on account of certain

acts she was alleged to have committed affecting the trial of a civil case then pending in such court. Under the view we take of this case, as it now stands, it is unnecessary to go into detail with reference to such matters. It is sufficient to say that the judgment of contempt assessed against relator a jail sentence of three days, and fined her $100.00. Also, she was ordered to release certain civil contracts held by her, alleged to affect the trial of the civil case just mentioned. It further appears that the judgment of contempt on its face in effect provided that no commitment should issue on same until 9:00 A. M., January 24, 1936.

On the morning of January 24, 1936, an application for writ of habeas corpus was presented to this Court for and on behalf of relator, wherein it was alleged that she was illegally restrained of her liberty by the sheriff of Gregg County, Texas, by virtue of the above judgment. On the same day the application was presented, this Court granted the writ as prayed for, and ordered relator admitted to bail in the sum of $1,000.00.

Since the granting of the writ the sheriff of Gregg County has filed in this Court his answer, wherein he states under oath:

"That he is the duly elected and qualified sheriff of Gregg County, Texas, and has been for the past three years;

"That he is full well cognizant of the persons that have been incarcerated in the jail and were in January of 1936;

"That he knows it to be a fact that he has never had any order or commitment to put Mrs. W. C. Compton Calhoun in jail and knows, further, that Mrs. W. C. Compton Calhoun has never been in jail in Gregg County, Texas, and was not in jail on January 24, 1936, nor on January 25, 1936. Affiant had not arrested Mrs. W. C. Compton Calhoun on January 24th, 1936, nor on January 25, 1936, and did not have her under any kind of confinement or restraint on such dates.

"Affiant further says that he knows Mrs. W. C. Compton Calhoun personally and has known her for the past three years and during all of such three years that affiant has never had any order or commitment to put Mrs. W. C. Compton Calhoun in jail and that he knows that she has never been in jail in Gregg County, Texas, during that period of time."

Relator herein has replied under oath to the answer of the sheriff. In such reply she states:

"My name is Mrs. C. W. Compton Calhoun, I am the respondent in a certain contempt proceeding held in the 124th

District Court of Gregg County, Texas, and the same person for whom an application for a writ of Habeas Corpus was filed in the Supreme Court of Texas on the 24th day of January, A. D. 1936.

"On the 3rd day of January, A. D. 1936, at the conclusion of a contempt proceeding against me in the case of Zanie Howell Jackson et al. vs. Ann Oliver Hart et al. in the 124th District Court of Gregg County, Texas, the Honorable Will C. Hurst Judge of said Court, after hearing the evidence advised me in open court in words to this effect 'the Court is not certain that the evidence shows you to be in contempt of court, but the testimony shows acts that are, at least, contemptible, and I am going to allow you a reasonable time to prepare the record in this case to present to a higher court.' It was my understanding that the Court had adjudged me in contempt of court, I immediately ordered a transcript of the testimony from Mrs. Ben Allred, official Court Reporter of said Court paying for the same the sum of $100.00, and thereafter I was advised that Judge Will C. Hurst had adjudged me in contempt of court assessing a fine of $100.00 ordering that I be placed in jail for three days and that the instrument described in the contempt proceedings be by me removed from recording and released within five days. That such judgment was entered on the *5th* day of January, 1936, but a stay order was made on the same so that it would become effective at 9 A. M. on January 24th, 1936.

"On Friday, January 24th, 1936, about nine o'clock I reported to the Sheriff's office at Longview, Gregg County, Texas, and told the Deputy in charge of the office that I had been held in contempt by Judge Hurst and remanded to the custody of the Sheriff of Gregg County, Texas, to start serving the three days in jail, and told the Deputy that I was there ready to start the sentence and that my attorney was en route to Austin to present a writ of Habeas Corpus to the Supreme Court for my release pending a final decision of the matter. The Deputy informed me that Will H. Hayes, the Sheriff of Gregg County, Texas, was at the barber shop and for me to go in one of the private offices there in the Sheriff's office and sit down.

"I felt that I was under arrest at that time and did as I was told.

"I remained in this private office at the Sheriff's office for several hours and during this time various deputy sheriffs would come into the room and talk to me, Mr. G. R. Whittington, the Bailiff for the Grand Jury was there and talked to me.

"Shortly before noon one of the Deputy Sheriffs came into the room and told me that there was no warrant for my arrest in the Sheriff's office and that I could go home and they would know where I was and would either come after me or when the wire was received from Austin admitting me to bond, if such there were, that they would notify me, and I could make bond then. I then returned home and stayed there. I later learned that my application had been granted and bond set at $1000.00 and on Saturday, January 25th, 1936, I made a $1000.00 bond, returnable to the Supreme Court of Texas."

■ This is undoubtedly a case involving issues of civil contempt. This Court therefore had jurisdiction to issue the writ. Sec. 3, Art. 5, Texas Constitution; Art. 1737, R. C. S. of Texas, 1925.

A mere judgment of contempt will not justify the granting of a writ of habeas corpus. There must be some character of restraint. Dirks v. State, 33 Texas, 227; Ex parte Beamer, 116 Texas, 39, 285 S. W., 255; Ex parte Jonischkies, 88 Texas Crim. Rep., 129, 224 S. W., 1092.

It is not required that the applicant for a writ of habeas corpus be actually confined in a jail. Any character of restraint which precludes absolute and perfect freedom of action will justify the issuance of the writ. Ex parte Snodgrass, 43 Texas Crim. Rep., 359, 65 S. W., 1061.

A writ of habeas corpus is regarded as the principal bulwark of human liberty in this country, and this Court will not hesitate to grant the same where it has jurisdiction, and in a proper case.

■ When we come to decide this case, we are compelled to the conclusion that the record before us shows that relator has never been deprived of her liberty or restrained in the slightest degree. It is true that the district court of Gregg County, Texas, adjudged her in contempt, and in such judgment fixed her punishment and provided how she should purge herself of such contempt. In spite of this, no commitment has ever been issued on such judgment, and no effort has ever been made to enforce same. The answer of the sheriff shows that he has never had any order of commitment for relator; that she has never been arrested; that she has never been in jail; and that she has never been under any kind or character of arrest or restraint. The reply of relator to the sheriff's answer fails utterly to contradict or controvert any statement contained therein. When such reply is read in the light of the

58

sheriff's answer, it plainly appears that relator has never been under restraint in the slightest degree. In this connection, relator's own reply shows that she went voluntarily to the sheriff's office, so far as shown by this record, without even a request for her to do so; that she remained there for sometime of her own free will; that she was not subjected to an arrest while there; that she was not compelled or even requested to remain there; and that she was free to go where she pleased and do as she pleased after she left. Such a record is utterly insufficient to justify the issuance of the writ of habeas corpus.

In connection with the above, we attach no intentional wrong to the attorney who presented the application to this Court. We are satisfied that he in good faith believed relator was under restraint at the time he did so.

It is ordered that the application for writ of habeas corpus filed herein on behalf of relator be and the same is hereby dismissed without any prejudice whatever to her right to make a new application if any effort shall even be made to restrain her on the judgment of contempt entered against her by the district court of Gregg County, Texas, on the 5th day of January, 1936, fully described in the record in this cause. It is further ordered that all costs of this proceeding be taxed against relator.

Opinion delivered March 11, 1936.