**Ex parte Michael R. GIBSON.**

**No. 71217.**

Court of Criminal Appeals of Texas,
En Banc.

June 5, 1991.

Charles Louis Roberts, El Paso, for relator.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

This is an original application for writ of habeas corpus. Tex.Code Crim.Proc.Ann. art. 11.07. We will grant relief.

Applicant challenges a judgment of contempt dated November 14, 1990, in Cause No. 08–90–00052–CR, in the Court of Appeals for the Eighth District of Texas. 804 S.W.2d 920. The judgment finds applicant guilty of contempt and assesses punishment at a fine in the amount of Three Hundred Dollars ($300). Applicant refused to pay the fine and was incarcerated.

Applicant filed the instant application seeking to challenge the judgment of contempt on seven different grounds. On November 30, 1990, this Court stayed the judgment of contempt, released applicant on a One Hundred Dollar ($100) personal bond and ordered the Court of Appeals to respond to the grounds for relief presented within applicant's application. On December 17, 1990, this Court received a letter from the Court of Appeals which indicated that the Court of Appeals did "not desire to file anything in addition to what is contained in the record." On January 22, 1991, this Court entered a second order directing the offended judges of the Court of Appeals to respond. In a letter dated January 29, 1991, the judges of the Court of Appeals again refused to respond.

The judgment resulted from applicant's representation of Armando Lopez Torres in an appeal from a criminal conviction. On December 4, 1989, Torres pled guilty to the offense of murder. After Torres pled "true" to two prior convictions alleged for purposes of enhancement, the trial court assessed punishment at thirty-five years. On December 21, 1989, applicant filed a motion for new trial on Torres' behalf.[1]

Applicant requested the Court of Appeals to extend the deadline for the filing of "motions for new trial and arrest of judgment under a judgment of conviction" based on the court reporter's inability to complete the statement of facts within the time limit prescribed for the filing of a

---

1. Applicant represented Torres on appeal only.

motion for new trial. Applicant alleged that the statement of facts was necessary to cogently examine the trial record with respect to a claim of ineffective assistance of counsel. On February 15, 1990, the Court of Appeals issued a published opinion denying the request.

The motion for new trial was overruled by operation of law on February 19, 1990, and applicant filed notice of appeal two days later. On April 19, 1990, the transcript from the Torres' appeal was filed with the Court of Appeals. The court reporter's notes were filed on May 9, 1990.

On June 6, 1990, the Court of Appeals issued a published opinion denying applicant's request to abate the Torres appeal and to remand the cause to the trial court for a hearing on the issue of ineffective assistance of counsel at trial. On June 27, 1990, the Court of Appeals issued another published opinion, denying rehearing of the previously issued opinion dated June 6, 1990.

On June 29, 1990, the Clerk of the Court of Appeals sent a letter to applicant informing him that the brief in the Torres appeal was three weeks late. The letter directed applicant to file the brief and to file a motion for extension of time in order to file the brief.

Approximately a week later, applicant wrote the Clerk of the Court of Appeals, indicating that he would not file a brief or a motion for extension of time because there was no record upon which to predicate an appeal. The Court of Appeals responded with a letter on July 24, 1990, again directing applicant to file a brief and a motion for extension of time.

On August 10, 1990, the Court of Appeals entered an order directing applicant to file a brief in the Torres appeal by August 31, 1990. Applicant mailed the Clerk of the Court a letter dated August 13, 1990 which is the subject of the instant contempt action.

The letter, directed at the Clerk of the Court, states:

I am in receipt of your letter of July 24, 1990, respecting the above referenced. Please forgive my delay in replying.

However, I suffered a fairly serious back injury a short time after receiving your letter and have been running behind for the last couple of weeks.

I have no wish to express disrespect for either your office or the court. However, the court has now published two opinions containing a number of snide references to sleazy criminal defense lawyers and their efforts to conduct fishing expeditions. I consider this to be an intentional reflection on me professionally and I don't like it. Your most recent letter indicates that it is my problem to extract the court from the corner into which it has backed itself, in part, I might add, by basing rulings on repealed statutes.

Had the court followed the plain intent of the appellate rules instead of seeking ways to publicly insult criminal defense lawyers, it would not have the problem. Since I followed the rules and did not create the problem, I do not see that it is up to me to file some sort of brief not contemplated or permitted by law in order to bail the court out of its situation.

I suppose the court should set its hearing. I need to make of record the matters contained in our correspondence so when the case gets to the Court of Criminal Appeals, I will have some protection.

On September 17, 1990, the Court of Appeals issued a show cause order to applicant on the basis of the above-quoted letter. The show cause order states that the Court found certain portions of the letter contemptuous and disrespectful to the Court, injurious to the judicial process and disruptive of the Court's function. After two hearings, the Court of Appeals held applicant in contempt.

This Court filed and set for submission three issues in the application for writ of habeas corpus. Applicant urges:

1) the letter of August 13, 1990, as a matter of law, does not constitute criminal contempt because there could be no showing that this single piece of correspondence obstructed or disrupted the operation of the Court,

2) the letter does not constitute criminal contempt because, on its face, the language of counsel is not contemptuous, and

3) the evidence is insufficient to establish beyond a reasonable doubt that applicant committed the offense of criminal contempt.

Because these issues are interrelated, we will consolidate them for purposes of review.

■ The essence of "contempt" requires conduct that obstructs or tends to obstruct the proper administration of justice. *Ex parte Jacobs,* 664 S.W.2d 360, 364 (Tex.Cr. App.1984); *Ex parte Salfen,* 618 S.W.2d 766, 770 (Tex.Cr.App.1981). In *In re Little,* 404 U.S. 553, 92 S.Ct. 659, 30 L.Ed.2d 708 (1972), the Supreme Court held that an "offending" remark made in closing argument did not constitute criminal contempt, in the absence of a showing of *disruptive or boisterous behavior.*

This Court considered a judgment of contempt imposed against a district attorney on the basis of statements he made during a pre-trial hearing in *Ex parte Curtis,* 568 S.W.2d 363 (Tex.Cr.App.1978). The allegedly contemptuous remarks were: "Merely because I feel that you are acting in favor of this defendant in derogation of the State's case illegally and improperly ... I think you're acting like a biased judge trying to help this defendant beat a darn good case." This Court reversed, holding that the record was devoid of an indication that the statements were made in a boisterous tone or that they disrupted the proceedings in any way. *Id.*

In *Ex parte Pink,* 746 S.W.2d 758 (Tex. Cr.App.1988), this Court analyzed whether an attorney's conduct was contemptuous by determining if it "hindered the forward progress of the trial" or "obstructed the administration of justice." Therein, counsel repeatedly cross-examined a police officer with a police report, constantly asking the officer to "look at your report." The trial court eventually admonished the attorney not to review the offense report with the witness before or after every question. Afterwards, applicant, holding a copy of the report, approached the witness and stated, "Isn't it a fact, sir, that in that offense report that you got, that I can't get into—". This Court held that while the attorney's conduct may not have been commendable, and while it might have been irritating or even exasperating to the trial court, it did not hinder the forward progress of the trial or obstruct, or tend to obstruct, the administration of justice. *Id.,* 746 S.W.2d at 762.

■ In addressing applicant's conduct in the instant case, we must place the letter of August 13, 1990 in proper context. Applicant addressed, mailed and directed the letter to the Clerk of the Court. He sent the letter in response to correspondence originating from the Clerk. Additionally, he sent the letter only after the Court of Appeals had published two opinions that likened applicant to a fisherman on a trolling expedition.

We hold that the Court of Appeals erred in holding applicant in contempt for his letter of August 13, 1991. The record is devoid of evidence that applicant's letter disrupted the orderly progress of the Court, the administration of justice, or the proceedings in any fashion. *Pink,* 746 S.W.2d 758; *Curtis,* 568 S.W.2d 363. As the United States Supreme Court noted, courts "must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice." *Brown v. United States,* 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958).

Accordingly, the relief prayed for is granted. The judgment of contempt is set aside.

It is so ordered.