Omar MONTES, Petitioner,

v.

The CITY OF HOUSTON, Respondent.

No. 00–1201.

Supreme Court of Texas.

Oct. 18, 2001.

Justice HECHT, joined by Justice OWEN, concurring in the denial of the petition for review.

To one of its oldest and most beneficent functions—resolving conflicts of law among the courts of appeals—this Court has an inexplicably mulish aversion, preferring instead the resulting confusion in the law, the unfairness to litigants in having the law depend on what court they happen to be in, and the waste of time and money, public and private, in pointless litigation over issues that could readily be resolved. I have noted this aversion and its consequences,[1] and so has the appellate bar,[2] but this case displays the problem yet more vividly. The Fourteenth Court of Appeals decided this case differently than the First Court of Appeals decided another case involving not only the identical legal issue *but the exact same occurrence.* The result is that of the four passengers in a one-car accident, three can sue and one

cannot, based on differing applications of the very same law. This Court could resolve this very uncomfortable conflict in a few sentences but refuses to do so. I think the Fourteenth Court of Appeals was correct in this case and therefore concur in the denial of the petition for review. Probably the Court does too, or it would not deny the petition, but it should explain why to give guidance in the other case that has been remanded to the trial court to spare the participants a water haul.

Gilberto Rios was driving back from a wedding with three friends, Edward Leal, Roberto Cortez, and Omar Montes, when they became lost, mistakenly sped down a dead-end road, and ran off the end, colliding with a fence and dirt pile. Rios, Leal, and Cortez died in the accident, and their beneficiaries sued the City of Houston for wrongful death in the 270th District Court in Harris County, asserting that the City should have erected a barricade at the end of the street to prevent such accidents.[3] Montes survived and later brought his own suit against the City based on the same allegations but in the 333rd District Court of Harris County.[4] The City filed a plea to the jurisdiction in the wrongful death suit, *Reyes*, which the trial court sustained, and the plaintiffs appealed. While that appeal was pending, the City filed a plea to the jurisdiction in *Montes*, which that trial court also sustained, and the plaintiff appealed. In *Reyes*, the First Court of Appeals reversed and remanded, holding that "immunity for discretionary acts under [section 101.056 of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem.Code § 101.056]

---

1. *Wagner & Brown, Ltd. v. Horwood,* 53 S.W.3d 347, 348 (Tex.2001) (Hecht, J., dissenting); *Coastal Corp. v. Garza,* 979 S.W.2d 318, 323 (Tex.1998) (Hecht, J., dissenting).

2. *Wagner & Brown,* 53 S.W.3d at 350 n. 15., 351 n. 17 (Hecht, J., dissenting) (citing and quoting commentaries).

3. *Catalina Cortez Reyes, et al. v. City of Houston,* No. 96–40999 (270th Dist. Ct., filed Aug. 15, 1996).

4. *Omar Montes v. City of Houston,* No. 98–05537 (333rd Dist. Ct., Harris County, Tex., filed Feb. 4, 1998).

'does not apply to claims arising from the absence of a warning device if the government knew of the problem and failed to act within a reasonable time,' as required by [section 101.060 of the Act, Tex. Civ. Prac. & Rem.Code § 101.060]."[5] The City petitioned this Court for review, and after requesting full briefing, we denied the petition on August 31, 2000.[6] I noted my dissent.[7] That same day a divided Fourteenth Court of Appeals affirmed the dismissal in favor of the City in *Montes*, holding that under section 101.056, the City was immune from liability for failing to barricade the end of the dead-end road, notwithstanding section 101.060.[8] Acknowledging the different result in *Reyes*, the majority explained that the plaintiffs in that case did not complain of a poorly lit dead-end sign as Montes did.[9] But as the dissent argued, the insignificance of this distinction seems inescapable.[10] Montes petitioned this Court for review, and we again requested full briefing. Today we deny Montes's petition.

The two courts of appeals' decisions in *Reyes* and *Montes* cannot both be right, obviously. If the *Reyes* decision were right, I doubt the Court would deny Montes's petition for review and leave him without the redress available to the three other boys in his car. But if the *Montes* decision is right, as I think it is, then every dollar and every hour the plaintiffs, the City, and the district court spend litigating *Reyes* will simply be wasted. The Court could easily spare a few words to prevent this wasted effort, having cut the number of opinions it issues nearly in half over the past eight years (from 163 in 1992–1993 to 88 in 2000–2001). One court of appeals is right, and refusing to say which is simply an injustice. For those who argue that silence is justified because this Court's functions do not include correction of error, whatever the cost, I would point out that the immunity issue in *Reyes* and *Montes* is a recurring one of importance to the jurisprudence.[11]

Facing the Court's inscrutable recalcitrance to provide guidance when most

5.  *Reyes v. City of Houston*, 4 S.W.3d 459, 462 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (quoting *Harris County v. Demny*, 886 S.W.2d 330, 336 n. 1 (Tex.App.—Houston [1st Dist.] 1994, writ denied), and citing *Zambory v. City of Dallas*, 838 S.W.2d 580–583 (Tex. App.—Dallas 1992, writ denied)).

6.  *City of Houston v. Reyes*, No. 99–1273, 43 Tex. Sup.Ct. J. 1184 (pet. denied Aug. 31, 2000).

7.  *Id.*

8.  *Montes v. City of Houston*, 2000 WL 1228618, 1562355, 2000 Tex.App. LEXIS 5827, 7077, http://www.14thcoa.courts.state.tx.us/Opinions/083100/opinions.html (Tex.App.—Houston [14th Dist.] 2000, pet. denied) (unpublished opinion) (citing *State v. Miguel*, 2 S.W.3d 249, 251 (Tex.1999) (per curiam), in turn citing *Maxwell v. Texas Dep't of Transp.*, 880 S.W.2d 461, 464 (Tex.App.—Austin 1994, writ denied)).

9.  *Montes*, 2000 WL 1228618, at *4 n. 3, 2000 Tex.App. LEXIS 5827 at *10 n. 3, http://www.14thcoa.courts. state.tx.us/Opinions/083100/opinions.html at 6, n. 3.

10.  *Montes*, 2000 WL 1228618 at *1, 2000 Tex.App. LEXIS 5827 at *11, http://www.14thcoa.courts.state.tx. us/Opinions/083100/opinions.html at 7 (Amidei, J., dissenting).

11.  *See, e.g., Texas Dept. of Transp. v. Bederka*, 36 S.W.3d 266 (Tex.App.—Beaumont 2001, no pet.) (holding that the government is immune from liability for its choice of traffic protection devices); *City of Midland v. Sullivan*, 33 S.W.3d 1 (Tex.App.—El Paso 2000, pet. dism'd w.o.j.) (holding that an improper traffic control device may create a dangerous condition for which the government's immunity from liability is waived).

needed, litigants must feel like Alice asking directions of the Cheshire Cat.

"That depends a good deal on where you want to get to," said the Cat.

"I don't much care where ——" said Alice.

"Then it doesn't matter which way you go," said the Cat.

"—— so long as I get *somewhere*," Alice added as an explanation.

"Oh, you're sure to do that," said the Cat, "if you only walk long enough."[12] Grinning, the Cat slowly vanished.

12. LEWIS CARROLL, ALICE'S ADVENTURES IN WON-  DERLAND 51, 53 (W.W. Norton & Co.1971).