In re PERSONAL INJURY LITIGA-
TION AGAINST GREAT LAKES
DREDGE & DOCK COMPANY, LLC.

MDL No. 07–0025.

Texas Judicial Panel on Multidistrict
Litigation.

March 7, 2007.

ON REVIEW BY THE MULTIDISTRICT
LITIGATION PANEL

Justice McCLURE delivered the opinion for the unanimous MDL Panel.

Great Lakes Dredge & Dry Dock Company, LLC, filed its motion before this panel on January 18, 2007, alleging that twenty cases pending in Hidalgo, Starr, Cameron, and Zapata Counties involve common issues of fact arising from personal injuries suffered by individual maritime workers aboard various company dredges. The suits are filed pursuant to the Jones Act, 46 U.S.C. § 688, the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and general maritime law. Succinctly stated, Great Lakes frames these common issues of fact:

- All twenty cases were filed by company employees, all Texas residents, against a single defendant for physical injuries arising from the company's negligence on board its vessels;
- All claims arise from the same governing law, the same safety policies, the same safety rules, and breaches thereof;
- Four law firms represent the plaintiffs in all twenty cases;
- The written discovery served in all twenty cases is virtually identical, as are the respective motions to compel;
- The same three corporate officers have been targeted for depositions in ten of the cases;
- Most of the experts appear to be the same; and

● With rare exceptions, the plaintiffs in all twenty cases are being treated by the same two physicians.

■ The plaintiffs counter that these cases do not arise from a single incident. Indeed, the twenty plaintiffs were injured at different times, in different states, on different vessels, while engaging in different activities, resulting in different injuries. We agree that the similarities are not common questions of fact; instead they are undisputed facts. The common thread weaving throughout these cases is one ultimate issue: Great Lakes' liability under the Jones Act. There is no single event as in *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70 (Tex. M.D.L. Panel, 2006). It is not mass toxic tort litigation as in *In re Union Carbide*. *See Union Carbide v. Andrea Ameia Adams, et al.*, (Tex. M.D.L. Panel Dec. 30, 2003). Nor is there a single product responsible for the plaintiffs' damages as in *In re Firestone/Ford Litigation*, 166 S.W.3d 2 (Tex. M.D.L. Panel 2004). Where only common ultimate issues are presented, transfer is improper. *In re Kone, Inc.*, 216 S.W.3d 68, 70 (Tex. M.D.L. Panel, 2005).

With regard to promotion of the just and efficient conduct of the cases, Great Lakes contends that transfer would prevent unnecessary duplication and repetition that would be both time consuming and costly. It points to the coordination of the depositions of the three corporate officers which could be taken once and used in all cases. Safety documentation and safety videos could be produced in a concerted fashion to avoid duplication and requests for inspection of the various dredges could be coordinated with minimal disruption to company employees.

Ten plaintiffs respond that if the cases were consolidated, the depositions would break down into dozens of mini-depositions rather than multiple depositions addressing a single accident. Seven plaintiffs argue that they have never sought the depositions of the three company executives and only one of the seven has requested a vessel or equipment inspection. All of them emphasize that extensive discovery has been completed and many cases are set for trial.

In its reply brief, Great Lakes advises us that four additional cases have been filed in south Texas. It reiterates the same "similarities" between the twenty original suits and the latest filed in Hidalgo County. With regard to three new cases in Starr county, Great Lakes avers that the plaintiffs all filed suit on the same date, alleging the exact same amount of monetary damages, arising from injuries, all of which occurred on board the vessel *Ponchartrain.* Yet even these three incidents did not result from one event. The first occurred in November 2005, the second on January 27, 2006, and the third in early April 2006.

■ We conclude that Great Lakes has failed to demonstrate common questions of fact. Imminent trial settings further inform our belief that any benefit Great Lakes might reap from a Rule 13 transfer is outweighed by the procedural posture of these cases and their progress. *In re Vanderbilt Mortgage and Fin., Inc.*, 166 S.W.3d 12, 14 (Tex. M.D.L. Panel, 2005). The motion is denied.