TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00357-CV






In re Larry Don Bandelman






ORIGINAL PROCEEDING FROM CALDWELL COUNTY




M E M O R A N D U M O P I N I O N



 Larry Don Bandelman filed a petition for writ of habeas corpus, seeking relief
from his sentence of thirty days in jail for contempt of court. Bandelman is the grandfather of a
child involved in a custody case, but was not a party to the case. Bandelman disagreed with
temporary orders issued by the district court, and expressed that disagreement directly to the
district judge in a restroom in the courthouse after the hearing. The district court's Judgment of
Direct Contempt describes the relevant events as follows:


 On the 23rd day of June 2009, immediately following a ruling on Temporary Orders
in the above-captioned cause, Contemnor accosted the trial Judge in the public
restroom immediately adjacent to the Courtroom stating several times very forcefully,
"Judge you are a fool." Immediately following the altercation, the Judge ordered the
Contemnor restrained and arrested for contempt of Court. The Court now enters a
finding that the above-mentioned action on the part of the Contemnor is direct
contempt of Court and assesses punishment at thirty (30) days confinement in the
Caldwell County Jail.


That order was signed on June 24, 2009. Bandelman filed this petition on June 25, 2009. The
district court issued an Amended Judgment of Direct Contempt on June 26, 2009, reiterating the
event description, but modifying the sentence to three days, with credit for time served, which
resulted in Bandelman being released from jail.

 Bandelman contends in his petition for writ of habeas corpus that the
contempt judgment was improper because it was issued with no notice and without a hearing. This
Court requested responses from interested parties. The child's mother filed an account of events
that added some detail, but essentially agreed with the version of events described in the trial court's
judgments and Bandelman's statement of facts in his petition for writ of habeas corpus.

 Contempt can be constructive or direct. Constructive contempt is that which occurs
outside the presence of the court and includes such actions as failure to comply with a court order. 
Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). Direct contempt occurs in the presence
of the court. The court is present when the judge, the jury, the courtroom, or the jury room are
engaged in the business of the court. In re Bell, 894 S.W.2d 119, 127 (Tex. Spec. Ct. Rev. 1995);
Ex parte Aldridge, 334 S.W.2d 161, 165 (Tex. Crim. App. 1960). Constructive contempt usually
requires a hearing with proof, but direct contempt usually requires no hearing because the court
often witnesses the allegedly contumacious conduct. Bell, 894 S.W.2d at 129; see also id. at 132
(Jones, J., concurring). Direct contempt of court is an act which is reasonably calculated to impede,
embarrass, or obstruct the court in the discharge of its duties. Id. at 127. Judges must avoid
confusing offenses to the judge's personal sensibilities with obstruction to the administration
of justice. Ex parte Gibson, 811 S.W.2d 594, 596 (Tex. Crim. App. 1991) (citing Brown v. United
States, 356 U.S. 148 (1958)). Offensive comments, even those spoken in open court, are not
contumacious unless they are disruptive or boisterous. Id. 

 In Bell, the majority of the special review panel concluded that a judge had
improperly held a man in contempt of court when he confronted the judge in a hallway about her
tardiness in starting court proceedings. Bell, 894 S.W.2d at 131. The judge had discussed a case
with an attorney in the jury room and was walking across the hall toward the courtroom when
the man approached and criticized the judge for her failure to begin the afternoon session of court
for more than an hour after the time set for docket call. Id. at 124. The majority described the
man's demeanor as follows: "He did not physically or verbally threaten the judge; although he was
certainly critical and assertive, we do not find that his statements were rude or insolent. 
Nevertheless, at this point the judge stated 'I'll show you how long I can keep you here in this
courtroom,' and she ordered her bailiff to arrest him." Id. Although the majority in Bell agreed that,
for purposes of direct contempt, one could be outside the courtroom and nevertheless be "in the
presence of the court," it concluded that the confrontation in the hallway did not show contempt of
court because (1) the circumstances did not make clear to the alleged contemnor that he was
speaking to the court, not just the person of the judge, and (2) the confrontation did not impede the
administration of justice. Id. at 129.

 Although there is no doubt that Bandelman knew who the district judge was, and was
criticizing his judicial actions in public in the courthouse, the Judgment of Direct Contempt makes
clear that the incident occurred after the temporary orders were entered and court had adjourned. 
Bandelman's demeanor was sufficiently unsettling that the child's mother alerted the clerk's office
that Bandelman had followed the judge into the bathroom to criticize him, and also prompted
the judge to demand that he leave the bathroom and be escorted from the building. However, the
district court did not state in its order that Bandelman's conduct disrupted judicial proceedings,
interfered with the administration of justice, or embarrassed or threatened the judge as he performed
his judicial role. Proceedings relating to child custody can be emotionally taxing and stressful for
all involved. The nature, tone, and context of Bandelman's comments as reported were ill-advised. 
The comments were clearly unwelcome, and Bandelman's demeanor may have been somewhat
aggressive. However, despite the great amount of discretion accorded trial judges when they
exercise their contempt powers to maintain and enforce their judicial authority, In re Bell and other
authorities suggest that jailing individuals for contempt under circumstances such as those presented
here without the court being in session and without notice and hearing can be problematic.

 Nonetheless, we can grant relief in habeas corpus cases only when a person is
being illegally restrained. Headrick v. State, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999). Because
Bandelman undisputedly has fulfilled his amended sentence, has been released from jail, and does
not allege that he is under any remaining unlawful restraint from the Amended Judgment of Direct
Contempt, we dismiss this petition for writ of habeas corpus as moot.



 

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Puryear and Waldrop

Filed: August 7, 2009