# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00357-CV

### In re Larry Don Bandelman

### ORIGINAL PROCEEDING FROM CALDWELL COUNTY

### M E M O R A N D U M   O P I N I O N

Larry Don Bandelman filed a petition for writ of habeas corpus, seeking relief from his sentence of thirty days in jail for contempt of court. Bandelman is the grandfather of a child involved in a custody case, but was not a party to the case. Bandelman disagreed with temporary orders issued by the district court, and expressed that disagreement directly to the district judge in a restroom in the courthouse after the hearing. The district court's Judgment of Direct Contempt describes the relevant events as follows:

> On the 23rd day of June 2009, immediately following a ruling on Temporary Orders in the above-captioned cause, Contemnor accosted the trial Judge in the public restroom immediately adjacent to the Courtroom stating several times very forcefully, "Judge you are a fool." Immediately following the altercation, the Judge ordered the Contemnor restrained and arrested for contempt of Court. The Court now enters a finding that the above-mentioned action on the part of the Contemnor is direct contempt of Court and assesses punishment at thirty (30) days confinement in the Caldwell County Jail.

That order was signed on June 24, 2009. Bandelman filed this petition on June 25, 2009. The district court issued an Amended Judgment of Direct Contempt on June 26, 2009, reiterating the

event description, but modifying the sentence to three days, with credit for time served, which resulted in Bandelman being released from jail.

Bandelman contends in his petition for writ of habeas corpus that the contempt judgment was improper because it was issued with no notice and without a hearing. This Court requested responses from interested parties. The child's mother filed an account of events that added some detail, but essentially agreed with the version of events described in the trial court's judgments and Bandelman's statement of facts in his petition for writ of habeas corpus.

Contempt can be constructive or direct. Constructive contempt is that which occurs outside the presence of the court and includes such actions as failure to comply with a court order. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). Direct contempt occurs in the presence of the court. The court is present when the judge, the jury, the courtroom, or the jury room are engaged in the business of the court. *In re Bell*, 894 S.W.2d 119, 127 (Tex. Spec. Ct. Rev. 1995); *Ex parte Aldridge*, 334 S.W.2d 161, 165 (Tex. Crim. App. 1960). Constructive contempt usually requires a hearing with proof, but direct contempt usually requires no hearing because the court often witnesses the allegedly contumacious conduct. *Bell*, 894 S.W.2d at 129; *see also id*. at 132 (Jones, J., concurring). Direct contempt of court is an act which is reasonably calculated to impede, embarrass, or obstruct the court in the discharge of its duties. *Id*. at 127. Judges must avoid confusing offenses to the judge's personal sensibilities with obstruction to the administration of justice. *Ex parte Gibson*, 811 S.W.2d 594, 596 (Tex. Crim. App. 1991) (citing *Brown v. United States*, 356 U.S. 148 (1958)). Offensive comments, even those spoken in open court, are not contumacious unless they are disruptive or boisterous. *Id*.

2

In *Bell*, the majority of the special review panel concluded that a judge had improperly held a man in contempt of court when he confronted the judge in a hallway about her tardiness in starting court proceedings. *Bell*, 894 S.W.2d at 131. The judge had discussed a case with an attorney in the jury room and was walking across the hall toward the courtroom when the man approached and criticized the judge for her failure to begin the afternoon session of court for more than an hour after the time set for docket call. *Id*. at 124. The majority described the man's demeanor as follows: "He did not physically or verbally threaten the judge; although he was certainly critical and assertive, we do not find that his statements were rude or insolent. Nevertheless, at this point the judge stated 'I'll show you how long I can keep you here in this courtroom,' and she ordered her bailiff to arrest him." *Id*. Although the majority in *Bell* agreed that, for purposes of direct contempt, one could be outside the courtroom and nevertheless be "in the presence of the court," it concluded that the confrontation in the hallway did not show contempt of court because (1) the circumstances did not make clear to the alleged contemnor that he was speaking to the court, not just the person of the judge, and (2) the confrontation did not impede the administration of justice. *Id*. at 129.

Although there is no doubt that Bandelman knew who the district judge was, and was criticizing his judicial actions in public in the courthouse, the Judgment of Direct Contempt makes clear that the incident occurred after the temporary orders were entered and court had adjourned. Bandelman's demeanor was sufficiently unsettling that the child's mother alerted the clerk's office that Bandelman had followed the judge into the bathroom to criticize him, and also prompted the judge to demand that he leave the bathroom and be escorted from the building. However, the

3

district court did not state in its order that Bandelman's conduct disrupted judicial proceedings, interfered with the administration of justice, or embarrassed or threatened the judge as he performed his judicial role. Proceedings relating to child custody can be emotionally taxing and stressful for all involved. The nature, tone, and context of Bandelman's comments as reported were ill-advised. The comments were clearly unwelcome, and Bandelman's demeanor may have been somewhat aggressive. However, despite the great amount of discretion accorded trial judges when they exercise their contempt powers to maintain and enforce their judicial authority, *In re Bell* and other authorities suggest that jailing individuals for contempt under circumstances such as those presented here without the court being in session and without notice and hearing can be problematic.

Nonetheless, we can grant relief in habeas corpus cases only when a person is being illegally restrained. *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999). Because Bandelman undisputedly has fulfilled his amended sentence, has been released from jail, and does not allege that he is under any remaining unlawful restraint from the Amended Judgment of Direct Contempt, we dismiss this petition for writ of habeas corpus as moot.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Puryear and Waldrop

Filed: August 7, 2009

4