———————————

**MDL 10-0376**

———————————

# IN RE DEEPWATER HORIZON INCIDENT LITIGATION

---

## ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

---

PRESIDING JUDGE PEEPLES delivered the opinion of the MDL Panel.

British Petroleum Exploration & Production, Inc. (BP)[1] asks us to appoint a pretrial judge for eight cases that stem from the April 20, 2010 oil-spill incident at the Deepwater Horizon platform in the Gulf of Mexico. Five cases are pending in Harris County, with three others in Galveston County. Several other cases have been removed to federal court, where they are pending in a federal MDL proceeding. All plaintiffs oppose BP's MDL request. For the reasons stated below, we deny the motion.

Administrative Rule 13 authorizes us to transfer "related" cases (i.e. cases involving common questions of fact) from different trial courts to a single pretrial judge if transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *See In re Alcon Shareholder Litigation,* M.D.L. No. 10-0115, at \*1 (Tex. M.D.L. Panel May 6, 2010); *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 71-72 (Tex. M.D.L. Panel 2006); TEX. R. JUD. ADMIN. 13.2(f), 13.3(a), 13.3(l). Relatedness is a threshold question. If cases are not related we lack authority to assign them to an MDL pretrial judge, even if such an assignment would serve the interests of convenience and efficiency.

---

[1] Five Different BP entities are named as defendants in one or more of these cases: (1) BP Exploration & Production; (2) BP, PLC; (3) BP Products, North America, Inc.; (4) BP Corporation, North America, Inc.; and (5) BP America, Inc. We will refer to these entities collectively as "BP" unless otherwise stated.

Although one or more BP entities is a defendant in all eight cases, each case involves different allegations arising from different events on different dates. (1) Robert Young is a seaman injured on April 20 on the Deepwater Horizon platform itself. (2) McIlvain Enterprises asserts claims against BP for breach of contract, fraud, and tortious interference arising from a contract signed on May 7 to provide equipment. (3) & (4) James Hebert and Christopher Eldridge sue for injuries sustained on May 11 and 17 while their ship worked to contain the spill.[2] (5) Dewone Young and Eric Bush, plaintiffs in the same case, were exposed to natural gas on June 11 when their vessel collided with oil equipment owned by another company. (6) Sante Marte Paulino suffered neck and back injuries on June 13 while he was working to contain the spill. (7) Donald McCormick sustained physical injuries on July 21 when a large tank on his ship broke loose. (8) Thomas Boutte sues for neck, back, and shoulder injuries sustained on August 10 when his vessel collided with a barge.

Each of these cases has its origin in the April 20 explosion in the sense that "but for" that explosion the cases would never have arisen. All the cases are linked by the common event of the explosion and ensuing clean-up. But we held in *In re Delta Lloyds Ins. Co. of Houston*, 2008 WL 5786888 (Tex. M.D.L. Panel 2008), that a common origin or common event, without more, does not make cases "related" under Rule 13. In *Delta Lloyds* several insurers asked for a pretrial MDL judge in first-party insurance cases arising from one event, Hurricane Rita. We held that the hurricane, which was a common event but not a contested question of fact, did not make the cases

---

[2] Eldridge suffered electric shock. Hebert suffered subcutaneous injury when dispersant soaked into his pants and socks and then into his skin. Both men also inhaled dispersants.

related.[3]

In other common-event cases there have been additional circumstances of relatedness. We have granted MDL motions when a defendant in several cases was alleged to be *liable for* a single event;[4] and if these BP cases all involved *liability for* the April 20 explosion, this would be a different matter. We have also granted MDL motions in product liability cases involving different events at different times linked by claims that a product was defective. *See, e.g., In re Digitek Litigation*, No. 09-0408 (Tex. M.D.L. Panel Aug. 5. 2009), at *1-2 (citing cases).

Our decision in *In re Personal Injury Litigation Against Great Lakes Dredge & Dock, Co., LLC*, 283 S.W.3d 547 (Tex. M.D.L. Panel 2007), fits within these principles. There we denied an MDL motion because the cases were not related—the plaintiffs "were injured at different times, in different states, on different vessels, while engaging in different activities, resulting in different

---

[3] In some of the *Delta Lloyds* cases, we denied the MDL motion because the only relatedness was the hurricane. In other *Delta Lloyds* cases we granted the motion, holding that assertions that the insurers followed standard claims-adjusting practices and procedures, alleged to be unlawful, constituted common fact questions, which made the cases related. Later, in *In re Texas Windstorm Ins. Ass'n Hurricanes Rita and Humberto Litigation*, 2009 WL 888054 (Tex. M.D.L. Panel 2009), we granted an MDL motion when similar extra-contractual claims were asserted in insurance coverage cases arising from two hurricanes. In *Delta Lloyds* and *Texas Windstorm* the inquiry was whether there was any common question of fact beyond the mere common event, for which no party was liable.

[4] *See, e.g., In re Continental Airlines Flight 1404,* No. 09-0201 (Tex. M.D.L. Panel, May 7, 2009) (cases arose from fire on airline flight); *In re Deep South Crane & Rigging Co.,* 2008 WL 5784600 (Tex. M.D.L. Panel 2008) (lawsuits concerned injuries caused by collapse of crane at refinery); *In re Phyllis Tomasino Litigation,* 2008 WL 5784596 (Tex. M.D.L. Panel 2008) (four suits by fired employee against employer, supervisor, and members of board of trustees alleging breach of contract, defamation, and other causes of action); *In re Cano Petroleum, Inc.,* 283 S.W.3d 179 (Tex. M.D.L. Panel 2008) (lawsuits asserted that defendants caused wildfire, which spread and caused damages); *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W.3d 70 (Tex. M.D.L. Panel 2006) (suits alleged that entities evacuating senior citizens by bus were responsible for bus fire).

injuries." *Id.* At 548. In *Great Lakes* there was no single event linking the cases.

Here BP's responsibility for the April 20 oil spill is directly at issue only in the Robert Young case; there is no other case currently pending in the Texas courts alleging injury from the April 20 explosion. Concerning the post-April 20 cases, BP has not shown how discovery might widen beyond the case-specific issues of its legal responsibility as the entity that hired the individual boats to help with the clean-up.

Our understanding of the facts is of course limited to the pleadings and the briefs. If our assessment proves to be inaccurate, and the courts allow conflicting discovery obligations in these cases (or there is a failure to coordinate with the federal MDL process), that might shed new light on relatedness and justify a new motion.

We hold that the cases do not involve common questions of fact and are not related within the meaning of Rule 13. The motion is therefore denied.

CHIEF JUSTICES STONE and WRIGHT and JUSTICE BROWN concur. JUSTICE McCLURE did not participate.

_____
David Peeples, Presiding Judge

**OPINION ISSUED**: May 27, 2011

4