**In re WELLINGTON INSURANCE COMPANY HAILSTORM LITIGATION.**

No. 13–0123.

Texas Judicial Panel on Multidistrict Litigation.

Feb. 13, 2014.

ON REVIEW BY THE MULTIDISTRICT
LITIGATION PANEL

Presiding Judge PEEPLES delivered the unanimous opinion of the MDL Panel.

In this case we seek to clarify the rules governing tag-along cases and motions to remand. In several first-party insurance cases involving hailstorm damage, the plaintiffs invoked Administrative Rule 13's tag-along procedure to bring State Farm Lloyds into an existing MDL pretrial proceeding. State Farm objected and asked the pretrial court to remand the cases to the original trial courts. The pretrial court denied the motion to remand, and State Farm asks us to set aside that denial. For the reasons stated below, we grant its request.

Administrative Rule 13 lets litigants add cases to an existing MDL pretrial proceeding without filing a new motion for transfer. Rule 13.5(e) creates a tag-along procedure by which cases related[1] to those already pending in an MDL pretrial court (but not subject to the initial MDL order) can be designated as tag-along cases. Once designated, tag-along cases are in the MDL proceeding unless the pretrial court grants a timely motion to remand them to the original trial courts. Any party dissatisfied with the pretrial court's remand decision may file a motion for rehearing of that decision with the MDL Panel.

In 2013, this panel established an MDL pretrial court for insurance claims against two insurers (Wellington and Southern Vanguard) arising from two hailstorms that struck Hidalgo County in March and April of 2012.[2] In short order, the cases against a third insurer (Allstate Texas Lloyds) were transferred into the same MDL pretrial court. Through Rule 13's tag-along procedure, there are now pending in the pretrial court hailstorm insurance coverage cases against an additional twenty-nine insurers. All but one of these insurers have acquiesced in the tag-along procedure by not asking the court to remand their cases. State Farm, however, objected and the pretrial court, after a hearing, denied State Farm's motion to remand.[3] State Farm brings the matter to us by motion for rehearing of that decision.

State Farm contends that the cases against it are not related to the cases against any of the other thirty-one insurers.[4] In assessing this contention we think it helpful to review our relatedness decisions.

1.  **Relatedness.**

■ "Relatedness is a threshold question. If cases are not related we lack legal rights depend upon the number of litigants who assert them." Rights, we said, are possessed and asserted by individual litigants, and courts do not resolve disputes by asking for "a show of hands." *See In re Silica Prods. Liab. Litig.*, 166 S.W.3d 3, 7 (Tex.M.D.L. Panel 2004).

---

1.  Under Rule 13.2(f), *"Related* means that cases involve one or more common questions of fact." TEX.R. JUD. ADMIN. 13.2(f).

2.  *See In re Wellington Ins. Co. Jefferson County Hailstorm Litig.*, No. 13–0123 (Tex.M.D.L. Panel Apr. 7, 2013).

3.  Some of the briefs suggest that we should give weight to the uncontested fact that State Farm stands alone among the defendants in resisting the tag-along process. But in a previous case we rejected "the suggestion that

4.  Whether the cases against State Farm, standing alone, are related *to each other* is a different question, as discussed in section 3 below.

authority to assign them to an MDL pretrial judge, even if such an assignment would serve the interests of convenience and efficiency."[5] *See In re Deepwater Horizon Incident Litig.*, 387 S.W.3d 127, 128 (Tex.M.D.L. Panel 2011). This is true for original motions to transfer and also for motions to remand tag-along cases.

In many of our previous common-event cases, relatedness was easily established because the salient issue in the cases was whether one or more defendants were *liable for* the event.[6] We have considered other cases to be not related when they were linked only by the same "but for" event, which was not the focus of any individual lawsuit.[7] We have also found cases not related when the plaintiffs "were injured at different times, in different states, on different vessels, while engaging in different activities, resulting in different injuries."[8] And we have granted MDL motions in product liability cases involving *different events at different times* linked by claims that a product was defective.[9]

In first-party insurance cases arising from a *weather event*, like the hailstorm cases in this proceeding, a unique approach has developed. We held in *In re Delta Lloyds Ins. Co.*, 339 S.W.3d 384, 387 (Tex.M.D.L. Panel 2008), that a common natural event, without more, does not make cases "related" under Rule 13. In *Delta Lloyds* several insurers asked for a pretrial MDL judge in first-party insurance cases arising from one act of nature, Hurricane Rita. *Id.* at 386. We held that the hurricane, which was a common event but not a contested question of fact, did not by itself make the cases related. *Id.* at 387. For some of the insurers in *Delta Lloyds*, we denied the MDL motion because the only relatedness was the hurricane, an uncontested fact. *Id.* at 388–89. For other insurers in *Delta Lloyds* we

---

**5.** "The MDL Panel may order transfer if it will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *See In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 71–72 (Tex.M.D.L. Panel 2006).

**6.** *See, e.g., In re Continental Airlines Flight 1404*, 387 S.W.3d 925 (Tex.M.D.L. Panel 2009) (cases arose from fire on airplane); *In re Deep South Crane & Rigging Co.*, 339 S.W.3d 395 (Tex.M.D.L. Panel 2008) (lawsuits concerned injuries caused by collapse of crane at refinery); *In re Phyllis Tomasino Litig.*, 339 S.W.3d 378 (Tex.M.D.L. Panel 2008) (four suits by fired employee against employer, supervisor, and members of board of trustees, alleging breach of contract, defamation, and other causes of action); *In re Cano Petroleum, Inc.*, 283 S.W.3d 179 (Tex. M.D.L. Panel 2008) (plaintiffs asserted that defendants negligently caused wildfire, which spread and caused damages in four counties); *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70 (Tex.M.D.L. Panel 2006) (suits alleged that entities evacuating senior citizens by bus before arrival of hurricane were responsible for bus fire).

**7.** *See In re Deepwater Horizon Incident Litig.*, 387 S.W.3d 127 (Tex.M.D.L. Panel 2011) (eight cases arising from different cleanup events on eight different dates were not related; their only connection was that "but for" the Deepwater Horizon blowout the incidents during the cleanup would never have happened).

**8.** *See In re Personal Injury Litig. Against Great Lakes Dredge & Dock Co., LLC*, 283 S.W.3d 547 (Tex.M.D.L. Panel 2007).

**9.** *See, e.g., In re Toyota Unintended Acceleration Litig.*, 398 S.W.3d 892 (Tex.M.D.L. Panel 2010); *In re Digitek Litig.*, 387 S.W.3d 115 (Tex.M.D.L. Panel 2009); *In re Phenytoin Litig.*, No. 09–0267 (Tex.M.D.L. Panel Aug. 5, 2009); *In re Ford Motor Co. Speed Control Deactivation Switch Litig.*, 285 S.W.3d 185 (Tex.M.D.L. Panel 2008); *In re Vioxx Litig.*, No. 05–0436 (Tex.M.D.L. Panel Aug. 25, 2005); *In re Firestone/Ford Litig.*, 166 S.W.3d 2 (Tex.M.D.L. Panel 2004); *In re Silica Prods. Liab. Litig.*, 166 S.W.3d 3 (Tex.M.D.L. Panel 2004). In all these cases relatedness was supplied by the common product, not by a common event.

granted the motion, because plaintiffs asserted that the insurers followed standard claims-adjusting practices and procedures, alleged to be unlawful; we said that these constituted common fact questions, contested questions which made the cases related. *Id.* at 388. Later, in *In re Texas Windstorm Ins. Ass'n Hurricanes Rita and Humberto Litig.*, 339 S.W.3d 401, 402 (Tex.M.D.L. Panel 2009), we granted an MDL motion when similar extra-contractual claims were asserted in insurance coverage cases arising from two hurricanes. In *Delta Lloyds* and *Texas Windstorm* the relatedness inquiry was whether there was any common question of fact beyond the mere common weather event, for which no party was liable.

Recently, in *In re National Lloyds Insurance Company Hurricane Litigation*, 422 S.W.3d 926, 930 (Tex.M.D.L. Panel 2013) *available at* http://www.supreme.courts.state.tx.us/MDL/2012/0248/12024817.pdf, we distilled from earlier cases the following principle for relatedness in weather-event MDL matters: "Cases are related where one or more significant weather events occurring in close proximity form the framework of the litigation, and the litigation involves allegations of similar standard business practices."

▉ Applying these principles, we conclude that the insurance cases against State Farm are not related to the cases already in the MDL pretrial court. They arise from the same weather events, but the business-practices allegations against State Farm are not related to those against the other thirty-one insurers because whether State Farm engages in unlawful business practices is not related factually to whether other insurers do so. Because the State Farm cases are not related to those already before the pretrial court, they are not tag-along cases and the motion to remand them is therefore granted.

## 2. Tag-along Procedure.

Because tag-along procedure is an important part of the MDL system, we offer the following guidance for identifying tag-along cases in the pretrial court and for appellate review when remand decisions are brought to this panel.

▉ The standards by which a pretrial court identifies proper tag-along cases are the same as those governing original Rule 13 motions to transfer. The same analysis applies when this Panel decides an original motion for transfer and when a pretrial court evaluates a motion to remand a case that has been tagged into the pretrial court. For an original motion to transfer to be granted, and also for a tag-along transfer to be proper, there must be two distinct findings: that the cases are related *and* that placing them into one pretrial court will serve the interests of convenience and efficiency.[10] The tag-along process contemplates that the parties will have an opportunity to be heard when a tag-along transfer is challenged, as hap-

---

10. This was our express holding when we considered a tag-along rehearing in *In re Toyota Unintended Acceleration Litig.*, No. 10–0342, slip op. at 2 (Tex.M.D.L. Panel Jan. 4, 2013) *available at* http://www.supreme.courts.state.tx.us/MDL/2010/0342/1034209.PDF:

Whether we are hearing an original motion for transfer to a pretrial court under Rule 13.3, or reviewing an order by a pretrial court remanding a matter on the ground that it is not a tag-along case under Rule 13.5(e), our duty is the same: we must determine whether the cases in question involve one or more common questions of fact and whether placing them together in the same pretrial court will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

pened here, and that the dissatisfied party will be able to bring that record to this Panel and seek rehearing.

█ When a motion for rehearing is filed asking this panel to set aside a tag-along decision, we review the decision for abuse of discretion. There are sound reasons for placing the initial tag along decision with the pretrial court. First, that court is well-positioned to understand the facts and realities of the litigation as it assesses both relatedness and convenience-efficiency. Second, the tag-along process is much quicker and simpler than a motion for transfer, which has a rigid briefing schedule. Finally, we note that many tag-along transfers will be uncontested, as happened in this matter, where large numbers of cases have been tagged into the pretrial court without objection. The initial decision in these matters is properly for the pretrial court with review by this panel, upon timely and proper request, for abuse of discretion. In this proceeding, relatedness was a question of law, for which the pretrial court and the parties did not have the benefit of this decision.

### 3. Alternative Motion for Transfer.

Several plaintiffs have urged an alternative motion for transfer. In the event that we say the tag-along process does not apply to State Farm's cases, they ask us to transfer them to the existing MDL pretrial court under Rule 13.3, which governs original motions for transfer. We respectfully deny this request because it rests on the premise that State Farm's cases are related to those in the existing pretrial court, a premise that we have rejected above. But nothing in this opinion prevents any litigant from filing a motion for transfer and arguing that the cases against State Farm are related *to each other*, and that it would serve the interests of convenience, efficiency, and just handling to place them into a new pretrial court or into the existing one.

The order denying State Farm's Motion to Remand is reversed, and the cases against State Farm are remanded to the trial courts in which they were filed.

Chief Justice STONE, Chief Justice McCLURE, Justice LANG–MIERS and Justice BROWN, concur.