# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00781-CV

### In re Donna Jean Van Gilder

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

### M E M O R A N D U M   O P I N I O N

Relator, Donna Jean Van Gilder, seeks a writ of mandamus against respondent, the Honorable James D. Squire, Judge of 423rd Judicial District Court of Bastrop County. Relator requests that we order respondent to vacate his order of contempt against relator based on a violation of a prior court order.

On June 20, 2017, real party in interest Derek Van Gilder filed a Motion for Enforcement of Final Decree of Divorce against relator. On October 20, 2017, a hearing was held on the motion. After hearing evidence, respondent orally pronounced that he found relator in contempt for violating a provision of the divorce decree and assessed punishment at 45 days' confinement in county jail. He orally ordered relator to appear on November 3, 2017, "for entry and for effectuation of the sentence." On November 3, 2017, respondent held another hearing, at which he orally deferred entry of a written contempt order and incarceration until December 15, 2017, "unless the appellate court says otherwise." In her petition for mandamus relief, relator challenges the validity of respondent's oral contempt order as an abuse of discretion.

The validity of a contempt order involving confinement may only be challenged by a writ of habeas corpus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Ex parte Williams*, 690 S.W.2d 243, 243 n.1 (Tex. 1985). To be entitled to a writ of habeas corpus, an applicant must demonstrate that she is restrained in her liberty. Tex. Gov't Code § 22.221(d); *Ex parte Calhoun*, 91 S.W.2d 1047, 1048–49 (Tex. 1936) (orig. proceeding). A person may not be incarcerated under a verbal order of contempt or commitment. *See Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997) ("Due process requires a court, before imprisoning a person for violating an earlier order, to sign a written judgment or order of contempt and a written commitment order."). Because relator is not incarcerated, and because respondent has not entered a written order of contempt or commitment, we conclude that relator is not presently restrained in her liberty. *See id.*; *see also Deramus v. Thornton*, 333 S.W.2d 824, 827 (Tex. 1960) (holding habeas application premature where trial court had not yet acted to enforce contempt order, observing that "the presumption obtains that a judge will not attempt to enforce a void order and direct confinement thereunder"); *Ex parte Calhoun*, 91 S.W.2d at 1048–49 (finding no restraint where contempt judgment had been entered but no written order of commitment had been issued). Therefore, we dismiss the petition for lack of jurisdiction. *See Ex parte Calhoun*, 91 S.W.2d at 1049 (dismissing habeas application without prejudice).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Field, and Bourland

Filed: December 12, 2017

2